1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GERALD A. ENGLER
Senior Assistant Attorney General
4 | PEGGY S. RUFFRA
Supervising Deputy Attorney General
5 | MICHELE J. SWANSON, State Bar No. 191193
Deputy Attorney General
6 |  455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
7 | Telephone:  (415) 703-5703
Fax:  (415) 703-1234
8 | Email:  Michele.Swanson@doj.ca.gov

9 | Attorneys for Respondent

10

11 |                 IN THE UNITED STATES DISTRICT COURT

12 |             FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 |                     SAN FRANCISCO DIVISION

14

15 | **MALIK ALI MUHAMMAD,**                    C 07-3627 MMC (PR)

16 |                              Petitioner,    **MOTION TO DISMISS
                                             PETITION FOR WRIT OF
17 |         v.                                 HABEAS CORPUS AS
                                             UNTIMELY**
18 | **DERRAL ADAMS, Warden,**

19 |                              Respondent.

20

21 |         Respondent hereby moves to dismiss the petition for writ of habeas corpus as untimely

22 | under 28 U.S.C. § 2244(d).

23 |         A motion to dismiss in lieu of an answer on the merits is proper where the petition is

24 | procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v.*

25 | *Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and

26 | Advisory Committee Notes; *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.

27 | 1980) (motion to dismiss proper if time bar is clear from face of complaint).

28 |         We have not noticed a hearing date because petitioner is an incarcerated state prisoner

1   who is representing himself in this case.

2

3                           **STATEMENT OF THE CASE**

4         In 2003, a jury found petitioner guilty of stalking and making criminal threats. Petition

5   at 2-3. The trial court suspended the imposition of sentence and placed petitioner on probation for

6   five years. In 2004, the court revoked petitioner's probation and sentenced him to state prison for

7   32 months. Petition at 2.

8         In 2003, petitioner appealed from his conviction. Exh. 1. In 2004, he appealed from the

9   revocation of probation. Exh. 2. The first appeal was denied by the California Court of Appeal on

10   February 22, 2005, while the second appeal was denied on March 29, 2005. Exhs. 1, 2. Petitioner

11   filed a petition for review in the first appeal. Exh. 3. The California Supreme Court denied review

12   on April 27, 2005. *Id.*

13         On April 18, 2006, petitioner filed a habeas petition in Alameda County Superior Court.

14   Exh. 4. The petition was denied that same day. Exh. 5.

15         On June 20, 2006, petitioner filed a habeas petition in the California Court of Appeal.

16   Exh. 6. The petition was denied on June 22, 2006. *Id.*

17         On October 17, 2006, petitioner filed a habeas petition in the California Supreme Court.

18   Exh. 7. The petition was denied on April 18, 2007. *Id.*

19         On July 13, 2007, petitioner filed the instant federal habeas petition, which raises

20   challenges to both the trial and the probation revocation. On October 23, 2007, the Court ordered

21   respondent to show cause why the petition should not be granted. The following is our response.

22

23                               **ARGUMENT**

24       **THE PETITION SHOULD BE DISMISSED AS UNTIMELY**

25         Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), petitioner had

26   one year from the date his state judgment became final by the conclusion of direct review to file a

27   habeas corpus petition in federal court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's trial claims became

28   final on July 26, 2005, 90 days after the California Supreme Court denied review, when the time to

1  file a petition for certiorari expired. *Bowen v. Roe*, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). His

2  probation revocation claims became final on May 8, 2005, when the 40-day time period to file a

3  petition for review expired. *See Smith v. Duncan*, 297 F.3d 809 (9th Cir. 2002). Taking the later

4  of those two dates, absent any tolling, petitioner had until July 26, 2006, to file a timely habeas

5  corpus petition in federal court. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

6       The AEDPA allows for tolling during the pendency of a "properly filed application for

7  State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28

8  U.S.C. § 2244(d)(2). This includes "'all of the time during which a state prisoner is attempting,

9  through proper use of state court procedures, to exhaust state court remedies with regard to a

10  particular postconviction application.'" *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999),

11  *quoting Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). In other words, "the statute of

12  limitations is tolled from the time the first state habeas petition is filed until the California Supreme

13  Court rejects the petitioner's final collateral challenge." *Id.*, footnotes omitted; *Carey v. Saffold*, 536

14  U.S. 214, 223 (2002). However, where a prisoner unreasonably delays between state court petitions,

15  there is no tolling for the intervening (or gap) period. *Evans v. Chavis*, 546 U.S. 189, 198-201

16  (2006); *Saffold*, 536 U.S. at 225.

17       In this case, petitioner is entitled to tolling for the time his state superior court and court

18  of appeal petitions were pending, as well as the period between the two petitions, as he did not

19  unreasonably delay in filing his petition in the court of appeal after denial of his petition in the

20  superior court. Thus, he is entitled to continuous tolling, from April 16, 2006 to June 22, 2006, for

21  a total of 65 days. However, he is not entitled to tolling for the period between his state court of

22  appeal and supreme court petitions, as he unreasonably delayed filing in the state supreme court for

23  117 days after denial of his petition in the court of appeal.

24       In *Evans v. Chavis*, 546 U.S. at 198, the Supreme Court held that in the absence of a clear

25  ruling from the state court regarding timeliness, a federal court must decide for itself whether a state

26  habeas petition in California was filed "within what California would consider a 'reasonable time.'"

27  The Supreme Court noted that 60 days is the longest amount of time most states allow to present a

28  claim to a higher court, and found the six-month delay before it unreasonable under state law. *Id.*

Mot. to Dismiss Pet. for Writ of Hab. Corpus as Untimely                    Muhammad v. Adams, Warden
C 07-3627 MMC (PR)

1    at 201.

2        Here, petitioner delayed 117 days between his court of appeal and supreme court petitions,

3 far more than the 60 days considered reasonable by most states. Accordingly, petitioner is not

4 entitled to "gap" tolling for the interval between his court of appeal and supreme court petitions. *See*

5 *Culver v. Director of Corrections*, 450 F. Supp. 2d 1135, 1140-1141 (C.D. Cal. 2006) (finding filing

6 delays of 71 and 97 days between state petitions to be unreasonable under *Chavis*); *Dorthick v.*

7 *Hamlet*, No. C 06-4860 CRB (PR), 2007 WL 1430041, *3 (N.D. Cal. May 14, 2007) (delays of 97

8 and 174 days unreasonable); *Forrister v. Woodford*, No. 1:05-CV-00170 LJO WMW HC, 2007 WL

9 809991, *3 (E.D. Cal. March 15, 2007) (delay of 88 days unreasonable); *see also Welch v. Carey*,

10 350 F.3d 1079, 1083 (9th Cir. 2003) (en banc) ("Tolling accommodates effort, not inaction.").

11        Although petitioner is not entitled to "gap" tolling between his court of appeal and

12 supreme court petitions, he is entitled to tolling during the time his state supreme court petition was

13 actually pending, from October 17, 2006 to April 18, 2007, for an additional 183 days. Thus,

14 counting the 65 days petitioner's superior court and court of appeal petitions were pending, in

15 addition to the 183 days his supreme court petition was pending, the AEDPA filing deadline was

16 tolled for a total of 248 days, extending the deadline to March 31, 2007. Petitioner, however, did

17 not file the instant petition until July 13, 2007, three and a half months after the statute of limitations

18 had already expired. Accordingly, the petition should be dismissed with prejudice as untimely.

19

20

21

22

23

24

25

26

27

28

1

# CONCLUSION

2    Accordingly, respondent respectfully requests that the petition for writ of habeas corpus

3  be dismissed with prejudice as untimely.

4    Dated:  February 14, 2008

5    Respectfully submitted,

6    EDMUND G. BROWN JR.
     Attorney General of the State of California

7    DANE R. GILLETTE
     Chief Assistant Attorney General

8
     GERALD A. ENGLER
9    Senior Assistant Attorney General

10   PEGGY S. RUFFRA
     Supervising Deputy Attorney General

11
     /s/ Michele J. Swanson
12   MICHELE J. SWANSON
     Deputy Attorney General
13   Attorneys for Respondent

14

15   40216601.wpd
     SF2007402888

16

17

18

19

20

21

22

23

24

25

26

27

28

Mot. to Dismiss Pet. for Writ of Hab. Corpus as Untimely                    Muhammad v. Adams, Warden
                                                                            C 07-3627 MMC (PR)

# EXHIBIT 1

# CALIFORNIA APPELLATE COURTS
## Case Information

Welcome

Search

E-mail

Calendar

Help

Options



home

## 1st Appellate District

Change court ▾

Court data last updated: 02/14/2008 10:05 AM

**Case Summary  Docket  Scheduled Actions  Briefs
Disposition  Parties and Attorneys  Trial Court**

## Docket (Register of Actions)

**The People v. Muhammad
Division 4
Case Number A104207**

| Date | Description | Notes |
|------|-------------|-------|
| 10/16/2003 | Notice of appeal lodged/received (criminal). | |
| 12/01/2003 | Counsel appointment order filed. | Ross Thomas; ind; 40 days |
| 12/08/2003 | Mail returned, unable to forward. | copy of cao to appellant; to file |
| 02/20/2004 | Court reporter extension requested. | by CSR Janith Norman #10916; extension requested to 3/17/2004 |
| 02/24/2004 | Court reporter extension granted. | Reporter: Curtis-Norman, Janith (010916). Deadline extended to: 03/17/04. |
| 03/29/2004 | Court reporter extension requested. | by CSR Janith Norman #10916; to 4/7/2004 |
| 04/01/2004 | Court reporter extension granted. | Reporter: Curtis-Norman, Janith (010916). Deadline extended to: 04/07/04. |
| 04/13/2004 | Notice of record completion received. | |
| 04/13/2004 | Record on appeal filed. | c-1-r-8 |
| 04/13/2004 | Probation report filed. | (1) |
| 05/20/2004 | Requested - extension of time. | Attorney: Thomas, Ross aob to 6/25/04 |
| 05/20/2004 | Granted - extension of time. | Attorney: Thomas, Ross aob to 6/25/04 |
| 05/20/2004 | 32.1 letter received from: | Ross Thomas; dated 5/17; missing portions of 4/2 & 4/3/03 rts; & exhibits 4a, 4b, 5a and 7a |
| 06/11/2004 | Filed augmented record pursuant to rule 32.1. | r-1: 4/2/03 & 4/3/03 + copies of exhibitis (in grey envelope) |
| 06/11/2004 | Exhibits lodged. | (copies) People's 4a, 4b, 5a & 7a; in grey envelope |
| 06/28/2004 | Default sent to court | |

| | appointed counsel. | |
|---|---|---|
| 07/27/2004 | Requested - extension of time. | Attorney: Thomas, Ross<br>aob to 8/27/04 |
| 07/28/2004 | Granted - extension of time. | Attorney: Thomas, Ross<br>aob to 8/27/04 |
| 08/31/2004 | Note: | aob coming; |
| 09/02/2004 | Motion filed. | to file late aob; from appellant |
| 09/03/2004 | Order filed. | granting permission to file late aob |
| 09/03/2004 | Appellant's opening brief. | Attorney: Thomas, Ross<br>Party: Muhammad, Malik |
| 09/30/2004 | Requested - extension of time. | Attorney: Office of Attorney General<br>rb to 11/3/04 |
| 09/30/2004 | Granted - extension of time. | Attorney: Office of Attorney General<br>rb to 11/3/04 |
| 11/02/2004 | Requested - extension of time. | Attorney: Office of Attorney General<br>Party: The People; rb to 12/3/04 |
| 11/03/2004 | Granted - extension of time. | Attorney: Office of Attorney General<br>Party: The People; rb to 12/3/04 |
| 12/03/2004 | Requested - extension of time. | Attorney: Office of Attorney General<br>Party: The People; rb to 1/2/05<br>(Sunday) |
| 12/03/2004 | Granted - extension of time. | Attorney: Office of Attorney General<br>Party: The People; rb to 1/2/05, no<br>further contemplated |
| 12/23/2004 | Respondent's brief. | Attorney: Office of Attorney General<br>Party: The People |
| 01/12/2005 | Appellant's reply brief. | Attorney: Thomas, Ross<br>Party: Muhammad, Malik |
| 01/12/2005 | Case fully briefed. | |
| 01/31/2005 | Case on conference list. | |
| 01/31/2005 | Oral argument waiver notice sent. | |
| 02/01/2005 | Record to court for review. | |
| 02/14/2005 | Oral argument deemed waived. | |
| 02/22/2005 | Submission order filed. | |
| 02/22/2005 | Opinion filed. | jgmt affirmed; non-published |
| 02/28/2005 | Petition for review in Supreme Court received. | from appellant |
| 04/27/2005 | Petition for review denied in Supreme Court. | |
| 05/24/2005 | Remittitur issued. | |
| 05/24/2005 | Case complete. | |
| 04/17/2006 | Shipped to state retention center, box # / list #: | L222 |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# EXHIBIT 2

# CALIFORNIA APPELLATE COURTS

Case Information

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home



## 1st Appellate District

Court data last updated: 02/14/2008 10:05 AM

**Case Summary   Docket   Scheduled Actions   Briefs**
**Disposition   Parties and Attorneys   Trial Court**

Change court

## Docket (Register of Actions)

**The People v. Muhammad**
**Division 4**
**Case Number A106795**

| Date | Description | Notes |
|------|-------------|-------|
| 06/16/2004 | Notice of appeal lodged/received (criminal). | |
| 07/08/2004 | Notice of record completion received. | |
| 07/08/2004 | Record on appeal filed. | c-2-r-2 |
| 07/08/2004 | Probation report filed. | (1) |
| 07/09/2004 | Counsel appointment order filed. | Thomas Ross; ind; 40 days |
| 08/19/2004 | Default sent to court appointed counsel. | |
| 09/20/2004 | Requested - extension of time. | Attorney: Thomas, Ross aob to 10/20/04 |
| 09/20/2004 | Granted - extension of time. | Attorney: Thomas, Ross aob to 10/20/04 |
| 10/19/2004 | Note: | aob coming; |
| 10/22/2004 | Appellant's opening brief. | Attorney: Thomas, Ross Party: Muhammad, Malik |
| 11/18/2004 | Requested - extension of time. | Attorney: Office of the Attorney General Party: The People; rb to 12/22/04 |
| 11/18/2004 | Granted - extension of time. | Attorney: Office of the Attorney General Party: The People; rb to 12/22/04 |
| 12/21/2004 | Requested - extension of time. | Party: The People rb to 1/21/05 |
| 12/23/2004 | Granted - extension of time. | Party: The People rb to 1/21/05 |
| 01/19/2005 | Requested - extension of time. | Party: The People rb to 2/20/05 (Sunday) |
| 01/21/2005 | Granted - extension of time. | Party: The People rb to 2/22/05 |
| 02/15/2005 | Respondent's brief. | Attorney: Office of the Attorney General |

| | | Party: The People |
|---|---|---|
| 03/08/2005 | ARB not filed (time elapsed or notice no brief). | Attorney: Thomas, Ross<br>Party: Muhammad, Malik |
| 03/08/2005 | Case fully briefed. | |
| 03/18/2005 | Case on conference list. | |
| 03/18/2005 | Oral argument waiver notice sent. | |
| 03/17/2005 | Record to court for review. | |
| 03/29/2005 | Oral argument deemed waived. | |
| 03/29/2005 | Opinion filed. | jgmt affirmed, but modified by striking the new 1202.4(b) fine of $400 and reducing the 1202.45 fine to $200; trial to prepare amended abstract; non-published |
| 06/01/2005 | Remittitur issued. | |
| 06/01/2005 | Case complete. | |
| 07/01/2005 | Received: | copy of superior court's 6/29 minute order re reduction of restitution fines |
| 04/06/2006 | Shipped to state retention center, box # / list #: | L224 |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# EXHIBIT 3

# CALIFORNIA APPELLATE COURTS

### Case Information



| | |
|---|---|
| **Supreme Court** | |
| Welcome | |
| Search | |
| E-mail | |
| Calendar | |
| Help | |
| Opinions | |

**Supreme Court**

Change court ☑

Court data last updated: 02/14/2008 09:53 AM

**Case Summary    Docket    Briefs
Disposition    Parties and Attorneys    Lower Court**

## Docket (Register of Actions)

**PEOPLE v. MUHAMMAD**

**Case Number S132564**

| Date | Description | Notes |
|------|-------------|-------|
| 02/28/2005 | Received premature petition for review | by counsel for appellant (Malik Ali Muhammad). |
| 03/25/2005 | Case start: Petition for review filed | |
| 03/28/2005 | Record requested | |
| 04/06/2005 | Received Court of Appeal record | file jacket/briefs/sealed envelope/envelope of exhibits/two accordian files |
| 04/27/2005 | Petition for review denied | |

**Click here to request automatic e-mail notifications about this case.**

© 2007 Judicial Council of California

# EXHIBIT 4

MC-275

Name   MALIK ALI MUHAMMAD

Address   3-C-GYM 151 LOW

   C.S.P. P.O. BOX 3471

   CORCORAN, CALIFORNIA 93212-3471

CDC or ID Number   V-37398

FILED
ALAMEDA COUNTY

APR 1 8 2006

CLERK OF THE SUPERIOR COURT
By_____Deputy

## SUPERIOR COURT STATE OF CALIFORNIA

### COUNTY OF ALAMEDA
*(Court)*

| |
|---|
| MALIK ALI MUHAMMAD |
| Petitioner |
| vs. |
| DERRAL ADAMS, WARDEN |
| Respondent        C.S.P., CORCORAN |

PETITION FOR WRIT OF HABEAS CORPUS

No. 144082

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS — READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

PETITION FOR WRIT OF HABEAS CORPUS

WEST GROUP
Official Publisher

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

**This petition concerns:**

[X] A conviction        [ ] Parole

[X] A sentence        [ ] Credits

[ ] Jail or prison conditions        [ ] Prison discipline

[ ] Other *(specify):* _____

1. Your name:   MALIK ALI MUHAMMAD

2. Where are you incarcerated?   CALIFORNIA STATE PRISON, CORCORAN, CALIFORNIA

3. Why are you in custody?   [X] Criminal Conviction    [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

      STALKING

      TERRORIST THREATS

   b. Penal or other code sections:   646.9 and 422 CALIFORNIA PENAL CODE

   c. Name and location of sentencing or committing court:   SUPERIOR COURT, COUNTY OF ALAMEDA

      STATE OF CALIFORNIA, 1225 FALLON STREET, OAKLAND, CA. ▓▓▓▓▓

   d. Case number:   144082

   e. Date convicted or committed:   APRIL 17, 2003

   f. Date sentenced:   MAY 24, 2004

   g. Length of sentence:   32 MONTHS

   h. When do you expect to be released?   12/13/12 (SEE GROUND #8)

   i. Were you represented by counsel in the trial court?   [ ] Yes.   [X] No.   If yes, state the attorney's name and address:

   _____

   _____

4. What was the LAST plea you entered? *(check one)*

   [X] Not guilty   [ ] Guilty   [ ] Nolo Contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [X] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

---

MC-275 [Rev. January 1, 1999]      **PETITION FOR WRIT OF HABEAS CORPUS**    | WEST GROUP Official Publisher |    Page two of six

6.  GROUNDS FOR RELIEF

**Ground 1:**  State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

THE PETITIONER WAS DENIED DUE PROCESS OF LAW AND THE FUNDAMENTAL RIGHT TO CONFRONT AND PROPERLY CROSS-EXAMINE WITNESS INCLUDING, BUT NOT LIMITED TO COMPLAINING WITNESS, IVORY JEAN HART.

a.  **Supporting facts:**

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at *what time (when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

ON MULTIPLE OCCASIONS (i.e., FEBRUARY 2003 - MARCH 2003) COUNTY OF ALAMEDA SUPERIOR COURT JUDGE, JON ROLEFSON ISSUED ORDERS THAT FORBADE PETITIONER (i.e., DEFENDANT) FROM CONTACTING THE EMPLOYER (CITIGROUP, INC.) OF COMPLAINING WITNESS, IVORY JEAN HART. AT THE TIMES OF SUCH FORBIDDING, PETITIONER WAS REPRE-SENTING HIMSELF, (IN PERSONA), HENCE WAS PRECLUDED FROM LAWFULLY SEEKING MATERIAL EVIDENCE TO IMPEACH THE CREDIBILITY OF COMPLAINING WITNESS. IT MAY BE NOTED THAT SUCH EVIDENCE PERTAINED TO THE ILLEGAL SUBSTANCE ABUSE ACTIVITIES OF THE COMPLAINING WITNESS AND WAS THE SUBJECT OF THE PRIMARY DEFENSE TO BE ASSERTED BY PETITIONER, i.e. THE MOTIVATION OF COMPLAINING TO INITIATE AND PURSUE CRIMINAL CHARGES AGAINST PETITIONER). IT MAY BE FURTHER NOTED THAT THE AFORE-MENTIONED COURT ORDER APPLIED TO THIRD PARTIES AND WAS INCLUSIVE TO THE EXTENT THAT COUNTY OFFICIALS WERE ORDERED TO CONFISCATE STAMPS FROM PETITIONER. (SEE REPORTER TRANSCRIPT)

b.  **Supporting cases, rules, or other authority (optional):**

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

THE RIGHT TO PRESENT A DEFENSE IS A MATTER OF CONSTITUTIONAL SIGNIFICANCE. WHEN THE RIGHT IS IMPROPERLY RESTRICTED, THE IMPACT UPON A DEFENDANT'S FUNDAMENTAL RIGHT TO A FAIR TRIAL IS PROFOUND.

UNITED STATES CONSTITUTION (6TH AMENDMENT) (SEE ADDITIONAL PAGE)

Did you appeal from the conviction, sentence, or commitment? ☒ Yes. ☐ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

_COURT OF APPEAL OF CALIFORNIA, FIRST APPELLATE DISTRICT, DIVISION FOUR_

b. Result: _JUDGMENT AFFIRMED_     c. Date of decision: _FEBRUARY 22, 2005_

d. Case number or citation of opinion, if known: _A104207_

e. Issues raised: (1) _INSUFFICIENCY OF THE EVIDENCE_

(2) _____

(3) _____

f. Were you represented by counsel on appeal? ☒ Yes. ☐ No. If yes, state the attorney's name and address, if known:

_ROSS THOMAS 4104 24TH STREET, No. 411, SAN FRANCISCO, CA. 94114_

Did you seek review in the California Supreme Court? ☒ Yes. ☐ No. If yes, give the following information:

a. Result: _PETITION FOR REVIEW DENIED_     b. Date of decision: _APRIL 27, 2005_

c. Case number or citation of opinion, if known: _N/A_

d. Issues raised: (1) _N/A_

(2) _N/A_

(3) _N/A_

If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_INEFFECTIVE LEGAL REPRESENTATION, PETITIONER REQUESTED THAT CLAIMS_
_BE MADE._

Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal. App.3d 500 [125 Cal. Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_NOT APPLICABLE_

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.
*Attach documents that show you have exhausted your administrative remedies.*

275 (Rev. January 1, 1999)          **PETITION FOR WRIT OF HABEAS CORPUS**          Page five of six

1  (GROUND 3B - CONTINUED)

2  ADDITIONALLY, CONSISTENT WITH GUIDELINES AS SET FORTH WITHIN

3  THE CASE OF H-CHH ASSOCIATES v CITIZENS FOR REPRESENTATIVE

4  GOVERNMENT (1987) 193 C.A. 1193, THE LETTERS (EXHIBIT B)

5  1) DID NOT INTERFERE WITH THE CONDUCTING OF BUSINESS,

6  2) DID NOT INTERFERE WITH THE USAGE OF PROPERTY,

7  3) DID NOT IMPEDE MOVEMENT OF CLIENTELE (CUSTOMERS)

8  4) DID NOT BLOCK ACCESS TO ANY BUSINESS

9  5) DID NOT PRODUCE ANY NOISE

10  6) CREATED NO DISTURBANCE

11  7) DID NOT ENTAIL HARASSMENT OF PATRONS

12  FINALLY, REGARDING A POTENTIAL ASSERTION BY RESPONDENT

13  THAT SAID LETTERS WERE DESIGNED TO HARASS COMPLAINING

14  WITNESS, (TERM/CONDITION #14 - EXHIBIT A), IT IS A WELL

15  DEFINED LOCAL PRINCIPLE THAT WHEN SCRUTINIZING THE

16  CONSTITUTIONALITY OF AN INFRINGEMENT (RESTRAINT) TO THE

17  FUNDAMENTAL RIGHT OF FREE SPEECH, ONE MUST NOT CONSIDER

18  THE UNDERLYING MOTIVE OF THE SPEAKER. (SMITH v SILVEY (1983)

19  149 C.A. 3 400)

20

21

22

23

24

25

26

27

28

7.    Ground   4   (if applicable):

THE REVOCATION OF THE PROBATION OF PETITIONER WAS PREDICATED UPON AN

UNCONSTITUTIONALLY VAGUE AND AMBIGUOUS TERM AND CONDITION OF PROBATION

a.  Supporting facts:

SEE #3 a OF PETITION

b.  Supporting cases, rules, or other authority:

"THE WORD "EMPLOYMENT" AS DEFINED BY THE WEBSTER'S II (NEW RIVERSIDE)

DICTIONARY IS 1) THE ACT OF EMPLOYING OR STATE OF BEING EMPLOYED;

2) AN OCCUPATION OR ACTIVITY. IN THAT REGARD, IT HAS BEEN CLEARLY ESTABLISHED

THAT A STATUTE (OR TERM AND CONDITION OF PROBATION) THAT EITHER FORBIDS OR

REQUIRES THE DOING OF AN ACT IN TERMS SO VAGUE THAT MEN OF COMMON

(SEE ADDITIONAL PAGE)

1 (GROUND 4b - CONTINUED)

2 INTELLIGENCE MUST NECESSARILY GUESS AT ITS MEANING AND DIFFER

3 TO ITS APPLICATION VIOLATES THE FIRST ESSENTIAL OF DUE PROCESS

4 PEOPLE v LOPEZ (1998) 66 C.A.4 615; PEOPLE v REINERTSON (1994)

5 178 C.A.3 320; PEOPLE v ACUNA (1997) 14 C4 1090; PEOPLE v HEITZMAN

6 (1994) 9 C4 189; PEOPLE v GARCIA (1993) 19 C4 97; PEOPLE v HERNANDEZ

7 (1991) 226 C.A.3 1374.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.        Ground ___5___ (if applicable):

THE REVOCATION OF THE PROBATION OF PETITIONER AND SUBSEQUENT IMPOSITION

OF SENTENCE WAS PREDICATED UPON AN UNCONSTITUTIONALLY, OVERBROAD TERM

AND CONDITION OF PROBATION

a.   Supporting facts:

SEE #3 a OF PETITION

b.   Supporting cases, rules, or other authority:

WHERE A CONDITION OF PROBATION REQUIRES A WAIVER OF PRECIOUS CONSTITUTIONAL

RIGHTS, THE CONDITION MUST BE NARROWLY DRAWN; TO THE EXTENT IT IS OVERBROAD IT IS

NOT REASONABLY RELATED TO THE COMPELLING STATE INTEREST IN REFORMATION AND

REHABILITATION AND IS AN UNCONSTITUTIONAL RESTRICTION ON THE EXERCISE OF

FUNDAMENTAL CONSTITUTIONAL RIGHTS. PEOPLE v KELLER (1978) 76 C.A.3 827;

(SEE ADDITIONAL PAGE)

1  (GROUND 5B-(CONTINUED)

2  People v Burgen (1988) 205 C.A.3 827; People v Kinder (1990) 225 C.A.3 922;

3  People v Hackler (1993) 13 C.A.4 1049; People v Garcia (1993) 19 C.A.4 1049;

4  People v Acuna (1997) 14 C4 1090; People v Pointer (1984) 151 C.A.3 1128;

5  People v Arvanites (1972) 17 C.3 1052. In the present matter, when

6  one considers the applicability of the term of probation at issue,

7  (i.e. #15), as being inclusive of all Citigroup Locations (worldwide)

8  and all letters (regardless of the content of same) its overbreadth

9  is inherently apparent.

7.       Ground   6   (if applicable):

THE REVOCATION OF THE PROBATION OF PETITIONER AND SUBSEQUENT IMPOSITION

OF SENTENCE WAS VIOLATIVE OF THE DOCTRINE OF "SEPARATION OF POWERS".

a. Supporting facts:

THE PROBATIONARY STATUS OF PETITIONER WAS TERMINATED AND PERMANENTLY

REVOKED DUE TO HIS LAWFUL (i.e. BENEFIT TO SOCIETY AND MATTER OF PUBLIC

INTEREST) ACTION(S) OF REPORTING (i.e. PUBLISHING) THE CRIMINAL CONDUCT OF

COMPLAINING WITNESS, IVORY JEAN HART. IT MAY BE NOTED THAT AT THE TIME

OF SAID REVOCATION, (SEE #3a), THE COURT AND PROSECUTOR WERE IN POSSESSION

OF PHOTOGRAPHIC EVIDENCE THAT DEPICTED COMPLAINING WITNESS IN THE PROCESS

OF ENGAGING IN SUCH ILLEGAL CONDUCT. THUSLY, THE ALLEGATIONS OF PETITIONER

WERE CONFIRMED TO THOSE WITH WHOM THE POWER AND AUTHORITY TO

ADDRESS SUCH ISSUES RESTED.

b. Supporting cases, rules, or other authority:

THE CONSTITUTION OF THE UNITED STATES OF AMERICA MANDATES THAT THE

AUTHORITY TO GOVERN IS TRIPARTITE, i.e., LEGISLATURE, JUDICIARY, EXECUTIVE.

IN THE PRESENT MATTER WE MUST ONLY CONSIDER THE FACT THAT ALL

COMMUNICATIONS TO THE EMPLOYER OF THE COMPLAINING WITNESS

DISCLOSED HER CRIMINAL CONDUCT. GIVEN THE FACT THAT SUCH CONDUCT HAS

BEEN DECREED CRIMINAL                    (SEE ADDITIONAL PAGE)

1 (GROUND 6b - continued)

2 By LEGISLATIVE enactments, the actions by the Court (i.e., Judiciary)

3 Revocation and Termination of Petitioner's Probation exceeded

4 its Judicial authority. It must be noted that the Court did not

5 exercise its Jurisdictional authority to "interpret" the laws,

6 (i.e., California Health and Safety Code), but undertook the

7 unprecedented and arguably selectively illegal initiative of

8 Decreeing that said enactments by the State Legislature,

9 although applicable to society at large, did not apply to

10 complaining witness. Therefore, although it is a basic

11 legal principle that a criminal act, in effect, victimizes

12 society at large, Petitioner, a member of society, was

13 incarcerated for exposing criminal conduct of which

14 he was a victim.

7.    Ground ___7___ (if applicable):

THE COURT EXCEEDED ITS JURISDICTIONAL AUTHORITY.

a.    Supporting facts:

On January 13, 2004, the court, (i.e. County of Alameda, State of California, Department 3), issued a "modified" protective order in case No. 144082. It (i.e. protective order) clearly indicates that it "takes precedent over any conflicting court order" (See Exhibit C) Although the protective order prohibited written contact with the protected persons named therein, it did not prohibit contact (verbal or written) with the employer or "employment" of complaining witness, Ivory Jean Hart, nor any other person named therein, Hence, it would be in conflict with any previously issued protective order or probationary order that purports to restrict such contact. Furthermore, the terms of the protective order, (January 13, 2004), are reenforced by the Alameda County Probation Department "Court Disposition" Report (See Exhibit D) As likewise, it makes no reference regarding the prohibition of written communications to the "employment" of the complaining witness.

b.    Supporting cases, rules, or other authority:

It is a clearly established legal principle that an act (i.e. order) in excess of the jurisdiction of the acting court is void and cannot be ratified by waiver, consent or estoppel. People v. Kidnoo (1990) 225 C.A.3 922, In Re: Berry (1968) 68 C2. 137, Fortenbury v. Superior Court (1940) 16 C2. 405. It is therefore apparent that the court in the present
(See Additional Page)

1 (GROUND 7b - CONTINUED)

2 MATTER ACTED IN EXCESS OF ITS JURISDICTION WHEN IT REVOKED

3 THE PROBATION OF PETITIONER AND SUBSEQUENTLY IMPOSED

4 SENTENCE, AS ITS UNDERLYING AUTHORITY FOR SO DOING HAD BEEN

5 ABROGATED BY THE PROVISIONS OF THE PROTECTIVE ORDER OF

6 JANUARY 13, 2004. FURTHERMORE, THE EXTENT OF JURISDICTIONAL

7 MALFEASANCE IS EXACERBATED, AND PARTICULARLY EGREGIOUS

8 IN NATURE, WHEN ONE CONSIDERS THAT THE JURISDICTIONAL

9 EXCESS OF AUTHORITY WAS PERPETRATED BY THE IDENTICAL

10 COURT THAT HAD DECREED THE PREVIOUS JURISDICTIONAL

11 PERIMETERS.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.       Ground    8    (if applicable):

THE IMPOSITION OF SENTENCE, i. e., 32 MONTHS STATE PRISON CONFINEMENT, AND POTENTIAL FOR FUTURE ENHANCEMENT(S) CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT.

a. Supporting facts:

ON MAY 24, 2004, PETITIONER WAS SENTENCED TO SERVE A TERM OF 32 MONTHS CONFINEMENT IN CALIFORNIA STATE PRISON. (EXHIBIT E). THE SENTENCE ALSO SUBJECTED PETITIONER TO ENHANCEMENT(S) PURSUANT TO CALIFORNIA PENAL CODE § 1170.12. ON APRIL 20, 2005, PETITIONER WAS CONVICTED OF VIOLATIONS OF CALIFORNIA PENAL CODE § 646.9, ET. SEQ. (MARIN COUNTY SUPERIOR COURT) WHEREUPON ON JUNE 24, 2005 AND PURSUANT TO CALIFORNIA PENAL CODE § 1170.12, ENHANCEMENTS WERE IMPOSED. AS A RESULT OF THE IMPOSITION OF THE UPPER (AGGRAVATED) TERM AND ENHANCEMENT(S) PURSUANT TO CALIFORNIA PENAL CODE SECTION 1170.12, PETITIONER WAS SENTENCED TO SERVE A PRISON TERM OF TEN (10) YEARS. IT MAY BE NOTED THAT PETITIONER WAS NOT CONVICTED OF, NOR ALLEGED TO HAVE COMMITTED AN ACT OF VIOLENCE, NOR TO HAVE UTILIZED OR DISPLAYED (i.e. POSSESSED) A DANGEROUS WEAPON OF ANY TYPE AT ANYTIME DURING THE PERIOD(S) OF THE ALLEGED OFFENSES. ADDITIONALLY, THE ONLY "CRIMINAL" ACT THAT WAS ALLEGED TO HAVE OCCURRED WITHIN THE JURISDICTIONAL BOUNDARIES OF MARIN COUNTY WAS THAT OF A LETTER, (EXHIBIT F), DIRECTED TO CITIGROUP, INC. HEADQUARTERS, LONG ISLAND, NEW YORK. IT IS FURTHER NOTED THAT PETITIONER HAD PREVIOUSLY BEEN ACQUITTED OF ANY WRONG-DOING REGARDING SUCH LETTER BY A CALIFORNIA DEPARTMENT OF CORRECTIONS SENIOR HEARING OFFICER (EXHIBIT G).

b. Supporting cases, rules, or other authority:

CONSIDERING THE "TOTALITY OF CIRCUMSTANCES", THE IMPOSITION OF SENTENCE BY THE SUPERIOR COURT OF THE COUNTY OF ALAMEDA, STATE OF CALIFORNIA DID AND CONTINUES TO SUBJECT PETITIONER TO CRUEL AND UNUSUAL PUNISHMENT AS PROHIBITED BY THE 8TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

7.       Ground   9   (if applicable):

THE REVOCATION OF THE PROBATION OF PETITIONER AND SUBSEQUENT

IMPOSITION OF SENTENCE WAS AN OBSTRUCTION OF THE ADMINISTRATION

OF JUSTICE AND THEREFORE ILLEGAL.

a. Supporting facts:

SEE #6 a OF PETITION

b. Supporting cases, rules, or other authority:

( CALIFORNIA PENAL CODE § 96.5 (OBSTRUCTION OF JUSTICE BY JUDICIAL OFFICER)

( CALIFORNIA PENAL CODE § 136.1, ET. SEQ. ( INTIMIDATION OF WITNESS)

CALIFORNIA PENAL CODE § 182 (a) (5) (CONSPIRACY TO OBSTRUCT JUSTICE)

CALIFORNIA CIVIL CODE § 51.7; 52(b) AND (43) (VIOLATION OF PETITIONER'S CIVIL RIGHTS

U.S.C. TITLE 42 (VIOLATION OF PETITIONER'S CIVIL RIGHTS)

1 (GROUND 1 B - continued)

2 U.S. Constitution (5th Amendment)

3 California Constitution, Article I § 28

4 California Constitution, Article I § 15

5 Olden v Kentucky (1988) 488 U.S. 277

6 Pointer v Texas (1965) 380 U.S. 400

7 Franklin v Henry (9th Cir. 1997) 122 F3 1270

8 Washington v Texas 388 U.S. 514

9 Pennsylvania v Ritchie 480 U.S. 39

10 Franklin v Duncan 884 F. Supp. 1435

11 Crane v Kentucky 476 U.S. 683

12 U.S. v Agues 427 U.S. 97

13 Kyles v Whitley 514 U.S. 419

14 U.S. v Ragley 473 U.S. 667

15 Rock v Arkansas 483 U.S. 44

16 In Re: Steele 32 C4 682

17 Furthermore, the U.S. Supreme Court has held that a fundamental

18 component of the right to be heard is the right to fully cross

19 examine witnesses (offered) against the defendant as the

20 right to present an adequate and effective defense is a matter

21 of constitutional significance. When the right is improperly

22 restricted, the impact upon a defendant's rights is profound.

23 Chambers v Mississippi (1973) 410 U.S. 284. Clearly, in the

24 case herein, (previously discussed restrictions), the wrongful

25 impediments prevented Petitioner from asserting a proper

26 and adequate defense and were not harmless beyond a

27 reasonable doubt when considered in light of his In Persona

28 status. Delaware v Van Arsdall 475 US 673.

7. _____ Ground __3__ (if applicable):

THE REVOCATION OF PETITIONER'S PROBATION AND IMPOSITION OF SENTENCE VIOLATED HIS FUNDAMENTAL (CONSTITUTIONAL) RIGHT TO FREE SPEECH.

a. Supporting facts:

ON MAY 24, 2004, THE PROBATION OF PETITIONER (CASE NO 144082) WAS PERMANENTLY REVOKED AND TERMINATED BY COUNTY OF ALAMEDA, SUPERIOR COURT JUDGE, KENNETH MARK BURR (DEPARTMENT 3), WHEREUPON PETITIONER WAS SENTENCED TO SERVE A TERM OF 32 MONTHS CONFINEMENT IN CALIFORNIA STATE PRISON. THE BASIS FOR THE REVOCATION OF THE PROBATION OF PETITIONER WAS ALLEGED VIOLATION(S) OF TERMS AND CONDITIONS #14 AND #15 (SEE EXHIBIT A). IT MUST BE NOTED THAT THE LETTERS THAT WERE THE SUBJECT OF CONTENTION WERE NOT DIRECTED TO, EVERY JEAN HART, (I.E., COMPLAINING WITNESS) NOR TO HER RESIDENCE OR THE LOCATION WHERE SHE PERFORMED HER EMPLOYMENTAL DUTIES. (EXHIBIT B) IT MUST ALSO BE NOTED THAT THE ABOVE REFERENCED LETTERS CONTAINED NO PROFANE OR FOUL LANGUAGE, EXPLICIT OR IMPLICIT THREATS TO INFLICT PHYSICAL HARM NOR LANGUAGE LIKELY TO PRODUCE A VIOLENT REACTION. TO THE CONTRARY, ALL LETTERS PROVIDED INFORMATION WITHIN THE PERSONAL KNOWLEDGE OF PETITIONER REGARDING CRIMINAL ACTS THAT ARE PROHIBITED BY THE CALIFORNIA HEALTH AND SAFETY CODE, HENCE, WERE A BENEFIT TO SOCIETY AT LARGE.

b. Supporting cases, rules, or other authority:

THE RIGHT TO SPEAK FREELY SHALL NOT BE ABRIDGED (UNITED STATES CONSTITUTION, 1ST AMENDMENT). ADDITIONALLY, THE CALIFORNIA STATE CONSTITUTION FORTIFIED THIS FUNDAMENTAL RIGHT BY MANDATING AS FOLLOWS: "EVERY PERSON MAY FREELY SPEAK, WRITE AND PUBLISH HIS OR HER SENTIMENTS ON ALL SUBJECTS, BEING RESPONSIBLE FOR THE ABUSE OF (SEE ADDITIONAL PAGE)

1 (GROUND 3 (b) - CONTINUED)

2 THIS RIGHT, A LAW MAY NOT RESTRAIN OR ABRIDGE LIBERTY

3 OF SPEECH OR PRESS. (CALIFORNIA CONSTITUTION ART I § 2)

4 ALTHOUGH RESPONDENT MAY ASSERT THAT DUE TO THE PROBATIONARY

5 STATUS OF PETITIONER, HE HAD WAIVED AND/OR FORFEITED HIS

6 CONSTITUTIONAL RIGHT OF FREE SPEECH, ONE MUST ONLY LOOK TO

7 THE CALIFORNIA SUPREME COURT DECISION OF People v. Arvanites,

8 (1972) 17 C.3. 1052, TO COMPREHEND THE INADEQUACY OF THAT ("LEGAL")

9 ASSERTION. IN ARVANITES, WHEREIN THE COURT CONSIDERED THE

10 CONSTITUTIONALITY OF PROBATION CONDITIONS THAT INVOLVED THE

11 PRIOR RESTRAINT OF OTHERWISE FREE SPEECH ACTIVITIES

12 (INCLUDING DISSEMINATION OF WRITTEN MATERIAL) THE COURT

13 WAS CLEAR AND DECISIVE REGARDING THE UNCONSTITUTIONALITY

14 OF SAME. THIS POSITION WAS SOLIDIFIED BY THE COURT OF APPEAL

15 IN THE CASE OF People v. Lopez (1998) 66 C.A.4 615 WHEN IT HELD

16 THAT A CONDITION OF PROBATION THAT INVOLVED SPEECH "MAY

17 BURDEN NO MORE THAN IS NECESSARY TO SERVE AN IMPORTANT

18 GOVERNMENTAL INTEREST". IN REGARDS TO THE PRESENT MATTER,

19 IT WOULD APPEAR AS THOUGH ONE WOULD BE HARD "PRESSED" TO

20 EXTRACT AN IMPORTANT GOVERNMENTAL INTEREST THAT SUPPORTS

21 AND/OR JUSTIFIES THE CONCEALMENT OF CRIMINAL CONDUCT

22 BE IT (CONCEALMENT) OF CRIME(S) PERPETRATED BY COMPLAINING

23 WITNESS, IVORY JEAN HART, OR THOSE OF ANY OTHER INDIVIDUAL.

24 TO THE CONTRARY, THE GOVERNMENT HAS A COMPELLING STATE

25 INTEREST (AND RESPONSIBILITY) TO PROTECT THE SAFETY OF THE

26 PUBLIC FROM THE DETRIMENT TO SOCIETY THAT EMANATES FROM THE

27 COMMISSION OF CRIMINAL ACTS. Planned Parenthood v. Operation

28 Rescue (1996) 50 C.A.4 290; Paradise Hills v. Procel (1991) 235 C.A.3 1528.

(SEE ADDITIONAL SHEET)

1  *PRAYER FOR RELIEF*

2

3  Petitioner is without remedy save by writ of Habeas Corpus.

4

5  WHEREFORE, Petitioner prays the court:

6  1. Issue order to show cause;

7  2) Declare Petitioner's rights;

8  3) Conduct an evidentiary hearing;

9  4) Issue of writ of Habeas Corpus;

10  5) Declare sentence imposed in county of Alameda, Superior Ct. Case #140082 void;

11  6) Appoint counsel for Petitioner; and

12  7) Grant any other and further relief the court deems proper.

13

14

15  Dated: April 12, 2006          Respectfully submitted,

16

17                                    Malik Ali Muhammad

18                                    MALIK ALI MUHAMMAD

19                                    Petitioner

20

21

22

23

24

25

26

27

28

1    _VERIFICATION_

2

3    I, MALIK ALI MUHAMMAD, STATE:

4

5    I AM THE PETITIONER IN THIS ACTION. I HAVE READ THE

6    FOREGOING PETITION FOR WRIT OF HABEAS CORPUS AND THE FACTS

7    STATED THEREIN ARE TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO

8    MATTERS THAT ARE THEREIN STATED ON MY OWN INFORMATION

9    AND BELIEF, AND AS TO THOSE MATTERS I BELIEVE THEM TO BE

10    TRUE.

11    I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING

12    IS TRUE AND CORRECT AND THAT THIS DECLARATION WAS EXECUTED

13    AT CORCORAN, CALIFORNIA ON APRIL 12, 2006.

14

15

16                         Malik Ali Muhammad

17                         PETITIONER
                           CDC# V-37398

18

19

20

21

22

23

24

25

26

27

28

1  MALIK ALI MUHAMMAD

2  3-C-Gym 151 Low

3  C.S.P. P.O. Box 3471

4  CORCORAN, CA. 93212-3471

5  IN PRO PER

6              SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                        COUNTY OF ALAMEDA

8

9  IN RE: MALIK ALI MUHAMMAD        REQUEST FOR APPOINTMENT OF

10                                   COUNSEL AND DECLARATION

11  ON HABEAS CORPUS          )       OF INDIGENCY

12                                   No:

13     I, MALIK ALI MUHAMMAD, DECLARE THAT I AM THE PETITIONER

14  TO THE ABOVE-REFERENCED MATTER, THAT I AM INCARCERATED AT

15  CALIFORNIA STATE PRISON, CORCORAN, CA., AND THAT I AM INDIGENT AND

16  UNABLE TO AFFORD COUNSEL. MY TOTAL ASSETS ARE #Ø AND MY

17  INCOME IS #Ø PER MONTH.

18     I HEREBY REQUEST THAT COUNSEL BE APPOINTED IN THIS MATTER SO

19  THAT MY INTEREST MAY BE PROTECTED BY THE PROFESSIONAL ASSISTANCE

20  REQUIRED.

21     I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE

22  AND CORRECT AND THAT THIS DECLARATION WAS EXECUTED ON

23  APRIL 12, 2006.

24                        Malik Ali Muhammad

25

26

27

28

000346

Th(10/97)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA          Dept. No. 003

Date:August 14, 2003     Hon.KENNETH MARK BURR, Judge     Jennifer DiMercurio, Dep.Clk.
                                                          Janith Norman, Reporter

---

| PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing for Plaintiff | Mark McCannon, Deputy District Attorney |
|---|---|---|
| vs. | Counsel appearing for Defendant | Pro Per |
| MALIK ALI MUHAMMAD<br>Aka Henry Myers<br>(ALK087 2288300) | | |
| Defendant | | |

---

NATURE OF PROCEEDINGS:    RECEIPT (review) OF PROBATION REPORT          No.144082
                          REPORT and SENTENCE


Matter comes on calendar this date having been before this Court **May 29, 2003** for **1203.03 Referral**
and **July 15, 2003** for **Referral to Probation to determine conditions** of Probation **IF probation** granted.

Court, counsel, and defendant present.
Court and counsel engage in extensive colloquy as set forth on the record.
Certain people (Lieutenant Rutherford Hart, Officer Holly Hart, Elma Owens, Ivory Hart)
address the Court on behalf of the people as set forth on the record.

Court and counsel engage in further colloquy.

The defendant having been **convicted on April 17, 2003** by **VERDICT OF JURY** of the offenses of crimes of
felonies, to wit:

**STALKING**, a violation of Section 646.9(a) of the Penal Code of California as charged in **COUNT ONE** of the
Information and

**TERRORIST THREATS**, a violation of Section 422 of the Penal Code of California as charged in **COUNT TWO**,

Application for Probation is GRANTED.

The Court having read and considered the Report of the Probation Officer and 1203.03 Return, **imposition of
sentence is suspended** for a period of **FIVE YEARS** during which time the defendant is placed under the care,
custody and control of the Probation Officer of Alameda, subject t the following terms and conditions, to wit:
Defendant shall:

PAGE 1 of 3

000247

PEOPLE OF THE STATE OF CALIFORNIA                    August 14, 2003                    144082
VS
MALIK MUHAMMAD

1.  Serve the first **277 days** of said probationary period in the **Alameda County Jail** with
    **Credit for time of: 277 days TOTAL, County Jail Time is DEEMED SERVED;**

2.  Report to and follow the instructions of the Probation Officer and follow all directive of the Probation Officer
    obey all laws of the community and be of good conduct;

3.  Seek and maintain regular employment, if change place of employment of residence notify Probation Officer
    of any change within **seven days;**

4.  Not use, possess, or in any way traffic in narcotics or dangerous drugs, and not associate with any person
    using or trafficking narcotics or dangerous drugs;

5.  NO ALCOHOL;

6.  NO **Marijuana;**

7.  Submit to such education, counseling, treatments or tests as directed by the Probation Officer including, but
    not limited to urinalysis;

8.  Participate 12th Step Program and substance abuse counseling as directed by the court/or Probation
    Officer;

9.  Do not associate with any person known to you to have a criminal record;

10. If arrested, give your own true name, address and date of birth t the arresting officer and report in writing to
    the Probation Officer within **seven days** of such arrest;

11. Submit to search and seizure by any Probation Officer or any other law enforcement officer at any time of
    the day or night, with or without a search warrant: vehicle, residence, person or any property under your
    control;

12. Do not own, use or possess any firearm  or any other dangerous or deadly weapon (including ammo and
    explosives;

13. Do not threaten, annoy, molest, or stalk Ivory Hart, her family members and/or friends;

14. Do not commit any acts of violence, sexual abuse, or harassment against victim or any family
    members/friends;

15. No letters to victim's employment;

PAGE 2 of 3

PEOPLE OF THE STATE OF CALIFORNIA                    August 14, 2003              144082
VS
MALIK MUHAMMAD

000248

16.  Stay away 100 yards from the home, school, and/or place of employment of Ivory Hart,
     for a period of **TEN (10) YEARS** pursuant to **646K** of the Penal Code;

17.  Enter **Anger Management** and/or mental health counseling, follow all treatment directions of therapist,
     including medications, and do not terminate treatment without the permission of the therapist, Probation
     Officer, and the Court;

18.  Submit blood and saliva samples pursuant to Section **296** of the Penal Code;

19.  Pay **Probation Investigation Fee** of **$100.00;**

20.  Probation Supervision Fee pursuant to Section 1203.1b of the Penal Codeof $50.00 is **RESERVED;**

21.  Pay **$200.00 Restitution Fine** pursuant to **1202.4(b);**

22.  RESTITUTION to VICTIM is RESERVED;


**BAIL** is **EXONERATED**

Defendant is **advised** of APPEAL RIGHTS as set forth on the record.

Court orders Progress Report every 90 days and each Progress Report shall remain before Judge Burr.
Matter is **continued to November 18, 2003** at 9:00 a.m. in Department Three (3) **JUDGE BURR** for
**PROGRESS REPORT.**

It is further ORDERED that the defendant is RELEASED **this action ONLY.**


PAGE 3 of 3

C00435

(RCD - 10/01)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**FILED**
ALAMEDA COUNTY

**EXHIBIT RECORD**

# PROBATION HEARING

MAY 2 4 2004

CLERK OF THE SUPERIOR COURT

Honorable KENNETH MARK BURR

By _Jennifer DiMercurio_
Deputy

Jennifer DiMercurio, Deputy Clerk

THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff    Dept. No. 002
vs.
**MALIK ALI MUHAMAD**        , Defendant    Case No. 144082

The following exhibits were marked for identification and/or introduced in evidence in the above action:

| People (P) or Defendant (D) | Number or Letter | DESCRIPTION OF EXHIBITS | Date Marked for Identification | Date Admitted in Evidence |
|---|---|---|---|---|
| People | 1 | **PREMARKED** Copy of, 2 pages, **COMPLAINT** to **Ethics Hotline** Caller Malik Muhammad | May 24, 2004 | May 24, 2004 |
| People | 2 | **PREMARKED** 1-13-04 copy of **envelope** addressed to **Citibank** and copy of 10 page **LETTER** and **attachments** received 01-16-04 ATTN: Mr., Stanley Weil/Chief Executive Officer RE: Ms. Ivory Jean Hart | May 24, 2004 | May 24, 2004 |
| People | 3 | **PREMARKED** 01-16-04 copy of **envelope** addressed to **Citibank** and copy of 2 page **LETTER** and **attachment** received 01-21-04 ATTN: Mr. Stanley Weil/Chief Executive Officer RE: Ms.Ivory Jean Hart | May 24, 2004 | May 24, 2004 |
| See page 2 | See pg 2 | See page 2 | See page 2 | See page 2 |



(**Original**: place in exhibit envelope)
(**Copy**: file stamp as the original; register of actions)

PV  EXH RECORD    Page 1 of 4

SUPERIOR COURT OF CALIFOR. A, COUNTY OF ALAMEDA

**EXHIBIT RECORD - Continuation Page**

C00436

Defendant:

Case No.:

| People (P) or Defendant (D) | Number or Letter | DESCRIPTION OF EXHIBITS | Date Marked for Identification | Date Admitted in Evidence |
|---|---|---|---|---|
| **See page 1** | **See page 1** | See page 1 | See page 1 | See page 1 |
| DEFT | A | Copy of, 1 page, **COURT DISPOSITION** and **POST-IT with handwritten note** from **V. Brooks** | May 24, 2004 | May 24, 2004 |
| DEFT | B | Copy of, 3 pages, **MINUTE ORDER** of August 14, 2003 reflecting probation **terms** and **conditions** | May 24, 2004 | May 24, 2004 |
| DEFT | C | Program Attendance CARD labeled Neighborhood Service Agency Support Group Attendance Verification Card | May 24, 2004 | May 24, 2004 |
| DEFT | D | 01-22-04 copy of, 1 page, **LETTER** from: Malik Muhammad to   : Alameda County District Attorney **Attn: Inspector Corey White** | May 24, 2004 | May 24, 2004 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

12/22/04  WED 15:04 FAX 51053:    11            CITIBANK,FSB                                    ☐002

210                                                                                    MC-220

Superior Court of California
County of Alameda                    ameda
1225 Fallon Street
Oakland, California 94612-4280
Rene C. Davidson Courthouse

FOR COURT USE ONLY
ENDORSED
FILED
ALAMEDA COUNTY

JAN 13 2004

CLERK OF THE SUPERIOR COURT
By JENNIFER DiMERCURIO
                    Deputy

PEOPLE OF THE STATE OF CALIFORNIA
                    vs.

DEFENDANT: MALIK ALI MUHAMMAD

**PROTECTIVE ORDER IN CRIMINAL PROCEEDING (CLETS)**
(Penal Code, § 136.2)

☐ ORDER PENDING TRIAL          ☑ MODIFICATION
☐ ORDER POST TRIAL PROBATION CONDITION

CASE NUMBER:
144082

**THIS ORDER TAKES PRECEDENCE OVER ANY CONFLICTING COURT ORDER**

PERSON TO BE RESTRAINED (Name): MALIK ALI MUHAMMAD
Sex: ☒ M  ☐ F  Ht: 6'2"  Wt: 200  Hair Color: BK  Eye Color: BK  Race: BK  Age: 57  Date of Birth: 11/28/45
☐ The defendant is a peace officer with _____ Department.

1. This proceeding was heard
   on (date): AUG. 14 2003  at (time): 9:05  in Dept: 3  Room: N/A
   by judicial officer (name):

2. ☒ Defendant was personally present at the court hearing, and no additional proof of service of the restraining order is required.

**GOOD CAUSE APPEARING, THE COURT ORDERS**

3. The above-named defendant
   a. shall not annoy, harass, strike, threaten, sexually assault, batter, stalk, destroy personal property of, or otherwise disturb the peace of the protected persons named below.
   b. shall not attempt to or actually prevent or dissuade any victim or witness from attending a hearing or testifying or making a report to any law enforcement agency or person.
   c. must surrender to local law enforcement or sell to licensed gun dealer any firearm in or subject to his or her immediate possession or control within
      (1) ☒ 24 hours after issuance of this order
      (2) ☐ 48 hours after service of this order
      (3) ☐ other (specify):
      The restrained person shall file a receipt with the court showing compliance with this order within 72 hours of receiving this order.
   d. ☒ shall have no personal, telephonic, or written contact with the protected persons named below.
   e. ☒ shall have no contact with the protected persons named below through a third party, except an attorney of record.
   f. ☒ shall not come within 100 yards of the protected persons named below.
   g. ☐ shall have peaceful contact with the protected persons named above for court-ordered visitation as ordered in prior or subsequent Family Court and Juvenile Court orders as an exemption to the "no contact" and "stay away" provisions of this order.

4. ☒ The protected person may record any prohibited communications made to him or her by the restrained person.

5. NAMES OF PROTECTED PERSONS:                                              AND OR FRIENDS
   INCLUDING ELNARISE OWENS

6. Other orders including stay-away orders from _____ locations:
   PROTECTED PERSON'S RESIDENCES, PLACES OF BUSINESS & SCHOOLS

7. This order expires on (specify date): 8/14/13
   If no date is listed, this order expires three years from the date of issuance.

Date: JAN 13 2004

                                        (See warnings on reverse)                JUDICIAL OFFICER    Department/Division

Form Adopted for Mandatory Use
Judicial Council of California
MC-220 [Rev. January 1, 2001]

**PROTECTIVE ORDER IN CRIMINAL PROCEEDING (CLETS)**
(Penal Code, § 136.2)

Penal Code, §§ 136.2, 166
Form Approved by
Department of Justice

(Distribution: original to file; 1 copy to each protected person; 1 copy to defendant; 1 copy to prosecutor; 1 copy to law enforcement)

## ALAMEDA COUNTY
## PROBATION DEPARTMENT                    COURT DISPOSITION

| | PD | ATTORNEY | COURT | DEPT. |
|---|---|---|---|---|
| | Pro Per | | Sup | 003 |
| SOC. SEC. # | | | DATE, TIME | |
| | | | 08-14-03 | |

**DEFENDANT'S NAME AS CHARGED**
Muhammad, Malik AKA: Myers, Henry Melton

| DOCKET # | CEN | | CONT. |
|---|---|---|---|
| 144082 | 228886300 | | |

| (PRIME) | (FIRST) | (MIDDLE) | | PFN | CII | | CONT. |
|---|---|---|---|---|---|---|---|
| | | | | ALK087 | | | |

| DEFENDANT'S ADDRESS | STREET | CITY | ZIP | OFFENSE | | CONT. |
|---|---|---|---|---|---|---|
| 2801 2ND AVE. Sacromento,CA. | | | 95818 | PC 646.9(a) F;PC 422 F | | |

| DEFENDANT'S PHONE | HEIGHT | WEIGHT | HAIR | EYES | ARRESTING AGENCY | CONVICTED BY | CONT. |
|---|---|---|---|---|---|---|---|
| 455-2018 | 6'2" | 200 lbs | BLACK | | Albany PD | Jury Verdict | |

| D.O.B. | STATE | ETHNIC | SEX | CLASSIFY | PROG. CODE | INV. P.O. | PROB. REF. DATE | CONT. |
|---|---|---|---|---|---|---|---|---|
| 11/28/45 | CA | B | M | MAX | KAVE | A.STUBBS | 7/15/03 | |

| SUPERVISION DPO | STAT NUMBER | INITIAL | PROCEEDINGS | | | | | |
|---|---|---|---|---|---|---|---|---|
| VERNON BROOKS | KG51 | HW | (✓) R & S   ( ) SUMMARY   ( ) C.R.C. EXCL   ( ) 1203.03PC RETURN   ( ) 1203.9 | | | | | |

| JUDGE | | | |
|---|---|---|---|

THE ABOVE-NAMED DEFENDANT, BEING PRESENT IN COURT AND HAVING BEEN CONVICTED OF VIOLATION(S) OF SECTION(S) PC 646.9(a)F  PC 422 F   (✓) FELONY   ( ) MISDEMEANOR

☑ A. IMPOSITION OF SENTENCE SUSPENDED          ☐ B. JUDGMENT OF STATE PRISON IMPOSED; EXECUTION OF SENTENCE SUSPENDED

☐ C. JUDGMENT OF COUNTY JAIL IMPOSED FOR A PERIOD OF_____ DAYS/MONTHS; EXECUTION OF SENTENCE SUSPENDED.

☐ DIVERSION GRANTED FOR _____                              ☐ EXTENDED TO _____

☑ PROBATION GRANTED FOR __5__ YEARS, COMMENCING (DATE) _____   EXPIRES ON _____   ☐ TERMINATES ON RELEASE

### TERMS AND CONDITIONS

| | |
|---|---|
| (7) ☐(1) JAIL: SERVE THE FIRST _____ DAYS/MONTHS/WEEKENDS IN ALAMEDA COUNTY JAIL COMMENCING (DATE) _____ OR _____ CREDIT FOR TIME SERVED (DATE) _____ | ☐(17) COMPLETE BATTERERS TREATMENT PROGRAM. |
| | ☐(18) SUBMIT TO HIV BLOOD TESTING PROCEDURES. |
| | ☐(19) PARTICIPATE IN AN AIDS EDUCATION PROGRAM. |
| (8) ☑(2) PAY: | ☐(20) REPORT FORTHWITH FOR DRUG EDUCATION AND TESTING (IDAP) |
| $ ADD = FINE (STATUTORY)      $ _____ = DRUG LAB FEE | (P2) ☑(21) ENTER INDIVIDUAL / GROUP THERAPY PROGRAM AND DO NOT LEAVE WITHOUT PERMISSION OF PROBATION OFFICER AND PROGRAM DIRECTOR. |
| $ _____ = PENAL CODE PENALTY      $ _____ = DRUG PROGRAM FEE | ☐(22) REGISTER PURSUANT TO:   ( ) 290P.C. (R1)   ( ) 457.1 P.C. (R3)   ( ) 11590 H. & S. (R2) |
| $ _____ = FINE – AIDS EDUCATION      $ _____ = PROBATION SERVICE FEE | ☐(23) WORK PROGRAM: WORK _____ DAYS FOR (AGENCY)_____ REPORT IMMEDIATELY AS DIRECTED. |
| $ _____ = RESTITUTION FINE      $ _____ = ALCOHOL EDUCATION FEE | (V3) ☐(24) DRIVING: DO NOT DRIVE ANY MOTOR VEHICLE UNLESS LAWFULLY LICENSED AND INSURED (NOR WITH ANY MEASURABLE AMOUNT OF ALCOHOL IN BLOOD). SUBMIT TO BLOOD, BREATH OR URINE TESTS AS REQUESTED BY A PEACE OFFICER OR P.O. (AND UPON ANY SUBSEQUENT ARREST FOR 23152 OR 23153 VC) |
| $ _____ = DIVERSION FEE      $ _____ = DOMESTIC VIOLENCE FUND | |
| $ _____ = DIVERSION RESTITUTION FEE      $ _____ = BATTERED WOMEN'S SHELTER | |
| (8) ☐(3) PAY $ _____ = RESTITUTION THROUGH PROBATION OFFICER AS SPECIFIED ON PAGE # _____ ON REPORT | ☐(25) TRAFFIC SCHOOL: ATTEND AND COMPLETE SCHOOL AS ASSIGNED. ☐ DUI (DRIVING UNDER THE INFLUENCE SCHOOL) ☐ DIC (DRIVER'S IMPROVEMENT COURSE) ☐ DDP (DRINKING DRIVER PROGRAM) ☐ OTHER _____ |
| (8) ☑(4) MAKE RESTITUTION AS DETERMINED AND DIRECTED BY THE PROBATION OFFICER WITH THE COURT RESERVING THE RIGHT TO REVIEW THE MATTER OF RESTITUTION. | |
| (1) ☑(5) REPORT FORTHWITH TO THE PROBATION OFFICER AND THEREAFTER AS DIRECTED BY THE PROBATION OFFICER AND FOLLOW ALL DIRECTIVES OF THE PROBATION OFFICER. | ☐ DRIVER'S LICENSE: ☐ A. SURRENDER DRIVER'S LICENSE TO CLERK OF COURT TO BE SENT TO D.M.V. ☐ B. DRIVING PRIVILEGE AND LICENSE IS SUSPENDED BY THE COURT FOR _____ MONTH(S) ☐ C. DRIVING PRIVILEGE RESTRICTED TO DRIVE TO AND FROM, OR IN THE COURSE OF EMPLOYMENT AND _____ |
| (2) ☑(6) OBEY ALL LAWS OF THE COMMUNITY AND BE OF GOOD CONDUCT. | |
| (3) ☑(7) SEEK & MAINTAIN EMPLOYMENT AND REPORT ANY CHANGE OF RESIDENCE OR EMPLOYMENT TO THE PROBATION OFFICER WITHIN 7 DAYS. | |
| (11) ☑(8) ALCOHOL: DO NOT DRINK ALCOHOLIC BEVERAGES. SUBMIT TO BLOOD OR BREATH OR URINE TESTS AS REQUESTED BY A PEACE OFFICER. (AND UPON ANY SUBSEQUENT ARREST FOR 23152 OR 23153 VC). | ☐(33) SUBMIT BLOOD + SALIVA PURSUANT TO |
| (11) ☑(9) DO NOT USE, POSSESS, OR IN ANY WAY TRAFFIC IN NARCOTICS AND DANGEROUS DRUGS, AND DO NOT ASSOCIATE WITH ANY PERSON(S) USING OR IN ANY WAY TRAFFICKING IN NARCOTICS OR DANGEROUS DRUGS.  INCLUDING MARIJUANA | ☐(34) PC 296 |
| (3) ☑(10) SUBMIT TO SUCH EDUCATION, COUNSELING, TREATMENT OR TESTS AS DIRECTED BY THE PROBATION OFFICER INCLUDING, BUT NOT LIMITED TO, URINALYSIS.  12 STEP PGM | ☐(40) ENTER INTO ANGER MANAGEMENT |
| (.1) ☑(11) DO NOT ASSOCIATE WITH ANY PERSON KNOWN TO YOU TO HAVE A CRIMINAL RECORD. | ☐(41) |
| (1) ☑(12) IF ARRESTED, USE YOUR OWN TRUE NAME, ADDRESS, DATE OF BIRTH AND REPORT IN WRITING TO THE PROBATION OFFICER WITHIN 7 DAYS OF SUCH ARREST. | ☐(42) |
| (1) ☑(13) SUBMIT TO SEARCH AND SEIZURE BY ANY PROBATION OR ANY OTHER LAW ENFORCEMENT OFFICER AT ANY TIME OF THE DAY OR NIGHT, WITH OR WITHOUT A SEARCH WARRANT. VEHICLE, RESIDENCE, PERSON OR ANY OTHER PROPERTY UNDER YOUR CONTROL (DELETE NON-APPLICABLE). | ☐(43) |
| (1) ☑(14) WEAPONS: DO NOT OWN, USE OR POSSESS ANY FIREARM OR ANY OTHER DANGEROUS OR DEADLY WEAPON. | ☐(44) |
| (3) ☑(15) DO NOT THREATEN, ANNOY, MOLEST, STALK, CONTACT OR COMMIT ANY ACT OF VIOLENCE, SEXUAL ABUSE OR HARASSMENT AGAINST (DELETE NON-APPLICABLE). IVORY HW 4DE FAMILY & FRIENDS | ☐(45) |
| ☑(16) STAY AT LEAST 100 YARDS AWAY FROM THE RESIDENCE AND/OR PLACE OF EMPLOYMENT OF IVORY HART | ☐(46) |

☑ PROGRESS REPORT SET ON 11-18-03 AT 9AM DEPT. 003

☐ DEFENDANT MUST APPEAR IN COURT   ☐ MUST APPEAR IN COURT UNLESS EXCUSED BY PROBATION OFFICER

FAILURE TO COMPLY WITH ANY TERMS OF THIS ORDER MAY RESULT IN REVOCATION OF THE PROBATION AND IMPOSITION OF EXECUTION OF SENTENCE. UPON SUCCESSFUL COMPLETION OF THIS PROBATION DEFENDANT MAY APPLY TO THIS COURT TO HAVE THIS CONVICTION SET ASIDE UNDER THE PROVISIONS OF SECTION 1203.4 OF THE PENAL CODE.

| DIVERSION | ☐ CHARGES DISMISSED | ☐ CRIMINAL PROCEEDINGS REINSTITUTED | ☐ REFERENCE WITHDRAWN | ☐ DIVERSION DENIED |
|---|---|---|---|---|

| COURTESY SUPERVISION: | ☐ INTERSTATE COMPACT: | ☐ 1203.9: | ☐ ACCEPTED | ☐ REJECTED |
|---|---|---|---|---|

| PROBATION DENIED | ☐ STATE PRISON | ☐ 11704 P.C. | ☐ COUNTY JAIL | ☐ COMMUNITY RELEASE | ☐ CYA | ☐ OTHER _____ |
|---|---|---|---|---|---|---|

| PROCEEDINGS SUSPENDED | (DATE) _____ MO. DAY YR. | ☐ 3051 W & I (ADDICT) | ☐ 1368 P.C. (SANITY) | ☐ OTHER _____ | I HAVE RECEIVED A COPY OF THESE CONDITIONS OF PROBATION. I UNDER-STAND THAT I MUST CONTACT MY PROBATION OFFICER WITHIN 7 DAYS. |
|---|---|---|---|---|---|

| OTHER DISPOSITIONS | ☐ NO APPEARANCE B.W. | ☐ 1203.03 P.C. | ☐ 707.2 W & I | ☐ REFERENCE WITHDRAWN | ☐ OTHER _____ |
|---|---|---|---|---|---|

*EXHIBIT E*

C00440

ABSTRACT OF JUDGMENT – PRISON COMMITMENT - DETERMINATE
[not valid without completed page two of CR-290 attached]

CR-290

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA | |
|---|---|
| BRANCH OR JUDICIAL DISTRICT: **RCD** | |

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **Malik Ali MUHAMMAD**

AKA: **Henry Melton MYERS**

CII#:

BOOKING INFORMATION: PFN **ALK087** CEN: **2288300**

DOB: **11-28-45**

144082 -A

-B

☐ NOT PRESENT

**FILED**
**ALAMEDA COUNTY**

**MAY 2 5 2004**

CLERK OF THE SUPERIOR COURT

By _Jennifer O'Williams_
Deputy

| COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT | ☐ AMENDED ABSTRACT | -D |
|---|---|---|

| DATE OF HEARING 05-24-2004 | DEPT. NO. 002 | JUDGE KENNETH MARK BURR |
|---|---|---|
| CLERK Jennifer DiMercurio | REPORTER Janith Norman | PROBATION NUMBER OR PROBATION OFFICER no appearance required |
| COUNSEL FOR PEOPLE ☒ Deputy District Attorney ☐ State Attorney General Mark McCannon | | COUNSEL FOR DEFENDANT ☐ Deputy Public Defender ☐ Private Counsel PRO PER |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   ___ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (Month/Date/Year) | JURY | COURT | PLEA | Term (L,M,U) | Concurrent | Consecutive 1/3 Violent | Consecutive 1/3 NON Violent | Consecutive Full Term | Incomplete sentence (refer to item 5) | 654 Stay | Principal or Consecutive Time Imposed YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 646,9(a) probation | STALKING | 2002 | 04-17-2003 | X | | | M | | | | | | | 2 | -- |
| 2 | PC | 422 probation | TERRORIST THREATS | 2002 | 04-17-2003 | X | | | M | | | | X | | | -- | 8 |
| | | | | | · · | | | | | | | | | | | | |
| | | | | | · · | | | | | | | | | | | | |
| | | | | | · · | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

4. ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

5. INCOMPLETED SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
|---|---|
| | |
| | |
| | |

6. TOTAL TIME ON ATTACHED PAGES: | -0- | -0- |

7. ☐ Additional indeterminate term (see CR-292).

8. TOTAL TIME excluding county jail term: | 2 | 8mos |

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

| Form Adopted for Mandatory Use Judicial Council of California | ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE (not valid without completed page two of CR-290 attached) | Penal Code §§ 1213, 1213.5 CR –290 (Rev. Jan. 1, 2003) |
|---|---|---|

Document1

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **Malik Ali MUHAMMAD aka Henry Melton MYERS**

| 144082 | -A | -B | -C | -D |
|---|---|---|---|---|

9.  FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

a.  Restitution Fines(s):

Case A: $400.00      per PC 1202.4(b) forthwith per PC 2085.5;    $400.00      per PC 1202.45 suspended unless parole is revoked.
Case B: $_____      per PC 1202.4(b) forthwith per PC 2085.5;    $_____      per PC 1202.45 suspended unless parole is revoked.
Case C: $_____      per PC 1202.4(b) forthwith per PC 2085.5;    $_____      per PC 1202.45 suspended unless parole is revoked.
Case D: $_____      per PC 1202.4(b) forthwith per PC 2085.5;    $_____      per PC 1202.45 suspended unless parole is revoked.

b.  Restitution per PC 1202.4(f):

Case A: $_____        ☐ Amount to be determined to:    ☐ victim(s)*    ☐ Restitution Fund
Case B: $_____        ☐ Amount to be determined to:    ☐ victim(s)*    ☐ Restitution Fund
Case C: $_____        ☐ Amount to be determined to:    ☐ victim(s)*    ☐ Restitution Fund
Case D: $_____        ☐ Amount to be determined to:    ☐ victim(s)*    ☐ Restitution Fund

(*List victim name(s) if known and amount breakdown in item 11, below.)

c.  Fine(s):

Case A: $_____    per PC 1202.5.  $_____    per VC 23550 or:  _____ days    ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case B: $_____    per PC 1202.5.  $_____    per VC 23550 or:  _____ days    ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case C: $_____    per PC 1202.5.  $_____    per VC 23550 or:  _____ days    ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case D: $_____    per PC 1202.5.  $_____    per VC 23550 or:  _____ days    ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS

d.  Lab Fee and Drug Program Fee:

Case A: Lab Fee: $_____    per HS 11372.5(a) for counts _____.    ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case B: Lab Fee: $_____    per HS 11372.5(a) for counts _____.    ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case C: Lab Fee: $_____    per HS 11372.5(a) for counts _____.    ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case D: Lab Fee: $_____    per HS 11372.5(a) for counts _____.    ☐ Drug Program Fee of $150 per HS 11372.7(a).

10.  TESTING
a.  ☐ AIDS pursuant to PC 1202.1    b. ☐ DNA pursuant to PC 296    c. ☐ other (specify):

11.  Other orders (specify): Deft present during PV hearing of this date. Deft sentenced in ABSENTIA see MO as to Appeal Rights

12.  EXECUTION OF SENTENCE IMPOSED
a.  ☐ at initial sentencing hearing.                    d.  ☐ at resentencing per recall of commitment.  (PC 1170(d).)
b.  ☐ at resentencing per decision on appeal.            e.  ☐ other (specify): _____.
c.  ☒ after revocation of probation.

13.  CREDIT FOR TIME SERVED
Case A:  Total Credits: 560    Actual: 373    Local Conduct: 187    ☐ 4019  ☐ 2933.1
Case B:  Total Credits: _____    Actual: _____    Local Conduct: _____    ☐ 4019  ☐ 2933.1
Case C:  Total Credits: _____    Actual: _____    Local Conduct: _____    ☐ 4019  ☐ 2933.1
Case D:  Total Credits: _____    Actual: _____    Local Conduct: _____    ☐ 4019  ☐ 2933.1

| DATE SENTENCE PRONOUNCED: 05-24-2004 | TIME SERVED IN STATE INSTITUTION: ☐ DMH    ☐ CDC    ☐ CRC |
|---|---|

14.  Defendant is remanded to the custody of the Sheriff: ☒ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to: ☒ reception center designated by Director, California Department of Corrections:  ☒ San Quentin  ☐ Chowchilla
☐ Other (specify):

**CLERK OF THE COURT**

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE  Jennifer DiMercurio | DATE  05-25-2004 |
|---|---|

CR-290 (Rev. Jan. 1, 2003)          ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE          Page 2 of 2

DECEMBER 7, 2004

CITIGROUP
1 COURT SQUARE, 42 FL.
LONG ISLAND, NY 11120

ATTN: MR. CHUCK PRINCE / CHIEF EXECUTIVE OFFICER

RE:                              / BRANCH MANAGER


DEAR SIR:

I HAVE ENCLOSED CORRESPONDENCE REGARDING THE
CRIMINAL CONDUCT OF CITIBANK EMPLOYEE,

AS STATED PREVIOUSLY, I INTEND TO EXPOSE ANY AND
ALL SURREPTITIOUS ATTEMPTS BY CITIGROUP EMPLOYEES
AND AGENTS TO CONCEAL EVIDENCE OF THE CRIMINAL
CONDUCT OF CITIBANK EMPLOYEE,

PLEASE FURNISH NAME(S) AND ADDRESS(S) OF CITIGROUP
AUTHORIZED AGENT(S) FOR ACCEPTANCE OF LEGAL DOCUMENTS
(i.e., SUMMONS, SUBPOENSE, ETC.)

SINCERELY,

Malek Ali Muhammad

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**
PAGE ___ OF ___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| V-37398 | MUHAMMAD | 04-48-12-042 | CSP-SC | 01/07/05 |

| [X] SUPPLEMENTAL | [X] CONTINUATION OF: | [ ] 115 CIRCUMSTANCES | [X] HEARING | [ ] IE REPORT | [ ] OTHER_____ |

Under "e & f" where it specifically states, "...Snall not have contact with the protected persons named below."   I haven't been in contact or within 100 feet, I've been in here.

Under (6.) under Stay-away does not specifically state that I can not write her "Employer."   Place of business is not synonymous with the employer.

Place of Business-defined as "Location where one performs ones financial duties."

I was representing myself as my own attorney ("pro per").

FINDING  NOT GUILTY of VIOLATION OF COURT RESTRAINING ORDER.

This finding is based upon the following preponderance of evidence:

A.    This SHO, in review of the Restraining Order, notes in Section "d" of that document no specific condition that Muhammad could not write the complainant's Corporate Headquarters.  That section only states that Muhammad cannot make contact by telephone, written, in person, or through a third party (except the attorney of record) the following:

                  Ivory Jean Hart, her Family, and or Friends, including Elnaries Owens, and
                  Ines Leontien Hogan.

B.    The order also states in #6, "Other Orders Including <u>Stay-Away</u> orders from locations: Protected Person's residences, Places of Business and Schools."  The SHO agrees with Muhammad that he did not violate any of these conditions of which the Restraining Order, and the document does not specifically deny him from contacting her place of business in writing.  If Muhammad were not to contact her place of business via correspondence, then it should have been included under Section "d."

<u>DISPOSITION</u>: Dismissed.  The SHO has no other choice but to find Muhammad Not Guilty and to dismiss the charges of violation of the Court Restraining Order.

Inmate Muhammad was advised that the disposition of the Rules Violation Report would not become final until approved by the Chief Disciplinary Officer, at which time he will receive a final copy of the completed CDC-115.  Inmate Muhammad was advised of his right to appeal the findings of this hearing, and the methods of appealing

After review has been completed by the CDO, a copy of this disciplinary report will be sent to the Register of Institution Violations, the original copy of this disciplinary will be given to the inmate and all other copies of this disciplinary will be destroyed. Notice will be sent to Records staff to remove the CDC 804 from the Central file.

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | M.D. Thompson, Correctional Lieutenant | 1/14/05 |

| [X] COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staffs Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | C/O T. Marshall | 1/20/05 | 1100 |

CDC 115-C (5/95)
OSP 99 25082

*EXHIBIT F*

FILE No.322 12/22 '12 15:28    ID:ALA CO DISTRICT ATTORNEY  FAX:510 208 3965          PAGE  3

12/22/2004 18:08 FAX  718 248 4984        EMPLOYMENT LAW GROUP                  ☑003/007

December 7, 2004

Citigroup
1 Court Square, 42 Fl.
Long Island, NY 11120

ATTN: MR. CHUCK PRINCE / CHIEF EXECUTIVE OFFICER

RE:                        / BRANCH MANAGER


Dear Sir:

I HAVE ENCLOSED CORRESPONDENCE REGARDING THE
CRIMINAL CONDUCT OF CITIBANK EMPLOYEE,

AS STATED PREVIOUSLY, I INTEND TO EXPOSE ANY AND
ALL SURREPTITIOUS ATTEMPTS BY CITIGROUP EMPLOYEES
AND AGENTS TO CONCEAL EVIDENCE OF THE CRIMINAL
CONDUCT OF CITIBANK EMPLOYEE,

PLEASE FURNISH NAME(S) AND ADDRESS(S) OF CITIGROUP
AUTHORIZED AGENT(S) FOR ACCEPTANCE OF LEGAL DOCUMENTS,
(i.e., SUMMONS, SUBPOENA, ETC.)

SINCERELY,

Malik Ali Muhammad

STATE OF CALIFORNIA                                                              DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**                                             PAGE ___ OF ___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|------------|---------------|------------|-------------|--------------|
| V-37398 | MUHAMMAD | 04-48-12-042 | CSP-SQ | 01/07/05 |

| [X] SUPPLEMENTAL | [X] CONTINUATION OF: | [ ] 115 CIRCUMSTANCES | [X] HEARING | [ ] IE REPORT | [ ] OTHER _____ |
|---|---|---|---|---|---|

Under "e & f" where it specifically states, "...Shall not have contact with the protected persons named below."  I haven't been in contact or within 100 feet, I've been in here.

Under (6.) under Stay-away does not specifically state that I can not write her "Employer."  Place of business is not synonymous with the employer.

Place of Business-defined as "Location where one performs ones financial duties."

I was representing myself as my own attorney ("pro per").

FINDING  NOT GUILTY of VIOLATION OF COURT RESTRAINING ORDER.

This finding is based upon the following preponderance of evidence:

A.    This SHO, in review of the Restraining Order, notes in Section "d" of that document no specific condition that Muhammad could not write the complaintant's Corporate Headquarters.  That section only states that Muhammad cannot make contact by telephone, written, in person, or through a third party (except the attorney of record) the following:

              Ivory Jean Hart, her Family, and or Friends, including Elnaries Owens, and
              Ines Leontien Hogan.

B.    The order also states in #6, "Other Orders Including Stay-Away orders from locations: Protected Person's residences, Places of Business and Schools."  The SHO agrees with Muhammad that he did not violate any of these conditions of which the Restraining Order, and the document does not specifically deny him from contacting her place of business in writing.  If Muhammad were not to contact her place of business via correspondence, then it should have been included under Section "d."

DISPOSITION: Dismissed.  The SHO has no other choice but to find Muhammad Not Guilty and to dismiss the charges of violation of the Court Restraining Order.

Inmate Muhammad was advised that the disposition of the Rules Violation Report would not become final until approved by the Chief Disciplinary Officer, at which time he will receive a final copy of the completed CDC-115.  Inmate Muhammad was advised of his right to appeal the findings of this hearing, and the methods of appealing

After review has been completed by the CDO, a copy of this disciplinary report will be sent to the Register of Institution Violations, the original copy of this disciplinary will be given to the inmate and all other copies of this disciplinary will be destroyed. Notice will be sent to Records staff to remove the CDC 304 from the Central file.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| M.D. Thompson, Correctional Lieutenant | | 1/14/05 |

| [X] COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staffs Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | C/O T. Marshall | 1/20/05 | 1100 |

CDC 115-C (5/95)                                                                          OSP 99 25082

**EXHIBIT 5**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**    Dept. No. 9

Date: April 18, 2006        Hon. LARRY J. GOODMAN, Judge        Fil R. Cruz, Deputy Clerk.
                                                                Not Reported, Reporter

IN RE

| | | |
|---|---|---|
| MALIK ALI MUHAMMAD | Counsel appearing | No Appearance |
| AKA: Henry Melton Myers | | for Petitioner |
| Petitioner | | |
| vs. | Counsel appearing | No Appearance |
| | for Respondent | |
| PEOPLE OF THE STATE OF CALIFORNIA | | |
| Respondent | | |

Nature of Proceedings:  **ORDER OF THE COURT**
**REGARDING PETITION FOR WRIT OF HABEAS CORPUS**

                                        **Case No. 144082**
                                        **PFN:  ALK087**
                                        **CEN:  2288300**

Petition for writ of habeas corpus is denied.  The Petition fails to state a prima facie case for the habeas relief sought.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served **ORDER OF THE COURT** by placing copies in envelopes addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Malik Ali Muhammad CDC or ID # V37398
3-C-GYM 151 LOW
C.S.P.  P.O. BOX 3471
Corcoran, California
93212-3471

Dated: April 24, 2006

By: _____
        Fil R. Cruz, Deputy Clerk

Writ - Muhammad, Malik Ali

# EXHIBIT 6

# CALIFORNIA APPELLATE COURTS

## Case Information

Welcome

Search

E-mail

Calendar

Help

Options

C|C
· home

## 1st Appellate District

Change court ▾

Court data last updated: 02/14/2008 10:05 AM

**Case Summary    Docket    Scheduled Actions    Briefs
Disposition    Parties and Attorneys    Trial Court**

## Docket (Register of Actions)

**In re Muhammad on Habeas Corpus.
Division 4
Case Number A114175**

| Date | Description | Notes |
|------|-------------|-------|
| 06/20/2006 | Petition for a writ of habeas corpus filed. | |
| 06/20/2006 | Exhibits lodged. | one volume; |
| 06/20/2006 | Request filed to: | for appointment of counsel; |
| 06/22/2006 | Order denying petition filed. | The reqst for appointment of cnsl is denied. To the extent petnr is challenging the jdgmt in Alameda County Superior Court 144082, the petn for writ of habeas corpus is denied on the ground that the writ will not lie when the claimed error could have been, but was not raised upon appeal. (Cite.) To the extent petnr is challenging the jdgmt in Marin County Superior Court SC139601A, the petn is denied on the ground that petnr has an adequate remedy through his pending appeal from that jdgmt (A110774). |
| 06/22/2006 | Case complete. | |
| 07/07/2006 | Mail returned and re-sent. | copy of 6/22 order to Muhammad; now w/ id no.; |

**Click here to request automatic e-mail notifications about this case.**

© 2007 Judicial Council of California

# EXHIBIT 7

# CALIFORNIA APPELLATE COURTS
## Case Information

Supreme
Court

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home

## Supreme Court

Court data last updated: 02/14/2008 09:53 AM

Case Summary   Docket   Briefs
Disposition   Parties and Attorneys   Lower Court

Change court

### Docket (Register of Actions)

**MUHAMMAD (MALIK ALI) ON H.C.**
**Case Number S147365**

| Date | Description | Notes |
|------|-------------|-------|
| 10/17/2006 | Petition for writ of habeas corpus filed | Malik Ali Muhammad, petitioner in pro per |
| 10/17/2006 | Exhibit(s) lodged | 1 set |
| 04/18/2007 | Petition for writ of habeas corpus denied | (See In re Dixon (1953) 41 Cal.2d 756.) George, C. J., was absent and did not participate. |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California