IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK ALI MUHAMMAD,<br>      Petitioner,<br>  v.<br>DERRAL ADAMS, Warden,<br>      Respondent.<br>_____ | No. C 07-3627 MMC (PR)<br><br>**ORDER GRANTING EXTENSION OF TIME; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Docket Nos. 8 & 9)** |

      On July 13, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 23, 2007, the Court ordered respondent to show cause why the petition should not be granted. On January 31, 2008, the Court granted respondent an extension of time until March 31, 2008, in which to file an answer or other response to the petition. On February 14, 2008, respondent filed a motion to dismiss the petition as untimely. According to the briefing schedule set forth in the order granting respondent's request for an extension of time, petitioner was required to file an opposition or statement of non-opposition to said motion to dismiss within thirty days of his receipt thereof. On March 14, 2008, petitioner filed a request for an extension of time in which to file his opposition to respondent's motion to dismiss.

      Good cause appearing, petitioner's request for an extension of time is hereby GRANTED. Petitioner shall file with the Court and serve on respondent his opposition or statement of non-opposition to respondent's motion to dismiss within **thirty (30)** days of the

date this order is filed. If petitioner files an opposition, respondent shall file a reply thereto within **fifteen (15)** days of the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

Also before the Court is petitioner's motion for the appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner's claims have been adequately presented in the petition and no other grounds exist that would require the appointment of counsel at this time; accordingly, as the interests of justice do not require appointment of counsel, petitioner's motion is hereby DENIED.

This order terminates Docket Nos. 8 and 9.

IT IS SO ORDERED.

DATED: May 9, 2008

_____
MAXINE M. CHESNEY
United States District Judge