1  Malik Ali Muhammad, V-37398

2  CSP, CRC 402/2T Low

3  P.O. Box 3535

4  Norco, CA. 92860

5

6  Petitioner, Pro Se

7

8          In the United States District Court

9  For the Northern District of California

10

11

12  Malik Ali Muhammad,                    No. C 07-3627 MMC (PR)

13              Petitioner,

14                                         Opposition To Motion

15          vs                             To Dismiss And Request

16                                         For Evidentiary

17  Derral Adams, Warden,                  Hearing

18              Respondent.

19

20

21      Petitioner, Malik Ali Muhammad, Hereby Files an

22  Opposition To Respondent's Motion To Dismiss Petition

23  For Writ of Habeas Corpus And Request For Evidentiary

24  Hearing For Reasons As Set Forth Herein.

25

26              Statement Of The Case

27

28      Petitioner Agrees With And Stipulates To Respondent's

FILED

08 JUN -5 PM 2: 06

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1 STATEMENT OF THE CASE SUBJECT TO THE FOLLOWING PROVISIONS

2 AND/OR ADDITIONS:

3

4 1) AT ALL TIMES DURING THE COLLATERAL APPELLATE REVIEW

5 OF THIS MATTER (i.e., STATE AND FEDERAL) THE

6 PETITIONER HAS REPRESENTED HIMSELF, (IN PRO Se).

7

8 2) ON May 9, 2008, PETITIONER'S MOTION FOR APPOINTMENT

9 OF COUNSEL WAS DULY DENIED BY THIS COURT.

10

11 3) AT ALL TIMES MENTIONED DURING THE COLLATERAL REVIEW

12 OF THIS MATTER PETITIONER HAS BEEN INCARCERATED AND,

13 AS A RESULT THEREOF, HAS BEEN SUBJECTED TO THE

14 FOLLOWING LIMITATIONS AND/OR IMPEDIMENTS TO THE

15 PROPER AND ADEQUATE LITIGATION OF THE MATTER:

16

17 a) THE INABILITY TO TRAVEL TO THE VARIOUS COURTHOUSES

18 TO INSURE THE PROPER AND TIMELY FILING OF THE

19 NECESSARY AND REQUIRED DOCUMENTS;

20

21 b) THE INABILITY TO DEPOSIT DOCUMENTS INTO UNITED STATES

22 POSTAL SERVICE RECEPTACLES OR PLACE SUCH DOCUMENTS

23 INTO THE "ACTUAL" POSSESSION OF THE UNITED STATES POSTAL

24 SERVICE;

25

26 c) THE INABILITY TO MAKE FOLLOW-UP TELEPHONE CALLS TO

27 THE COURTHOUSE REGARDING THIS MATTER;

28

d) THE INABILITY TO PERSONALLY MONITOR IN-COMING AND OUT-GOING MAIL PERTINENT TO THE PROPER DISPOSITION OF THIS MATTER;

e) THE INABILITY TO SECURE THE REQUIRED NUMBER OF COPIES OR DUPLICATES OF REQUIRED DOCUMENTS FROM PRISON AUTHORITIES, (e.g., TEN (10) COPIES OF STATE SUPREME COURT PETITION);

f) THE INABILITY TO LEAVE PRISON TO ASSIST WITH THE PROPER DISPOSITION OF THIS MATTER FOR ANY REASON.

4) ON May 2, 2006, PETITIONER RECEIVED "ACTUAL" NOTICE OF THE DENIAL OF HIS PETITION BY THE SUPERIOR COURT OF THE COUNTY OF ALAMEDA.

5) ON July 11, 2006, PETITIONER RECEIVED "ACTUAL" NOTICE OF THE DENIAL OF HIS PETITION BY THE CALIFORNIA COURT OF APPEAL

6) ON April 23, 2007, PETITIONER RECEIVED "ACTUAL" NOTICE OF THE DENIAL OF HIS PETITION BY THE CALIFORNIA SUPREME COURT.

7) ON October 8, 2005, PETITIONER WAS ASSIGNED TO THE PRISON JOB ASSIGNMENT OF "CLERK 501" WHEREIN HIS MANDATORY WORK DAYS AND HOURS WERE MONDAY THROUGH FRIDAY, 0730 HOURS - 1530 HOURS, RESPECTIVELY.

- 3 -

*ARGUMENT*

*AND*

*POINTS AND AUTHORITIES*

**I**

HABEAS CORPUS AND CIVIL RIGHTS ACTIONS ARE OF FUNDAMENTAL IMPORTANCE ... IN OUR CONSTI- TUTIONAL SCHEME BECAUSE THEY DIRECTLY PROTECT OUR MOST VALUED RIGHTS.

In a "Habeas" action wherein state prisoner alleged that the inadequacy of the prison legal library facilities operated to effectively deny and deprive them of reasonable access to the courts and equal protection of the laws as guaranteed by the First and Fourteenth Amendments to the United States Constitution, the United States supreme court dismissed all doubts re- garding its consideration of the importance and signifi- of the right to petition for writs of Habeas Corpus. See Bounds v Smith (1977) 430 U.S. 817, 97 S. Ct. 1491, citing Johnson v Avery 393 U.S. 483 at 485 and Wolff v McDonnell, 418 U.S. 539.

In the present matter, Petitioner has not only been hindered by the limitations and/or impediments to the adequate and proper Litigation of his petition as described and set forth within the heretofore statement of the Case, his petition seeks to redress Basic and Fundamental

1  Constitutional Deprivations upon which his incarceration

2  is predicated.

3

4                                  II

5

6        A HABEAS PETITION SHOULD BE DISMISSED

7        IF STATE REMEDIES HAVE NOT BEEN

8        EXHAUSTED.

9

10       As a General Rule, a Habeas Petition should be

11  Dismissed if State Remedies have not been Exhausted

12  as to any of the Federal claims.

13  O'Bremski v Maass (9th Cir. 1990) 915 F2 418, 420

14       As it is apparent that in the present matter the gist

15  of petitioner's claims rest upon the Deprivation of

16  Fundamental rights that are Guaranteed by the

17  United States Constitution, the requirement to "exhaust"

18  such issues within the State courts was of paramount

19  importance. Furthermore, since petitioner was subjected

20  to the Rigorous enforcement of the "Total Exhaustion"

21  Rule, Castille v Peoples (1989) 489 U.S. 346, 109 S.CT. 1056

22  citing Rose v Lundy (1981) 455 U.S. 509, 102 S.CT 1198,

23  it was essential that petitioner continually scrutinize

24  the legal theories underlying his claim(s) for relief

25  as they related to the Responses, (i.e. Decisions),

26  rendered by the State Courts. Notwithstanding, it must

27  be noted that the entire "exhaustion" process was accom-

28  plished within a period of less than six (6) months.

## III.

FOR PURPOSES OF 28 U.S.C.A § 2244 (d) THE
TIME MUST BE TOLLED FOR THE ENTIRE PERIOD
IN WHICH A PETITIONER IS APPROPRIATELY
PURSUING AND EXHAUSTING HIS STATE REMEDIES.

THE ANTI TERRORISM AND EFFECTIVE DEATH PENALTY ACT,
(AEDPA), ALLOWS FOR TOLLING DURING THE PENDENCY OF A
"PROPERLY FILED APPLICATION FOR STATE POST-CONVICTION OR
OTHER COLLATERAL REVIEW WITH RESPECT TO THE PERTINENT
JUDGEMENT OR CLAIM." THIS TOLLING PERIOD INCLUDES
"ALL OF THE TIME DURING WHICH A STATE PRISONER IS
ATTEMPTING THROUGH USE OF STATE COURT PROCEDURES, TO
EXHAUST STATE COURT REMEDIES WITH REGARD TO A PARTI-
CULAR POST CONVICTION APPLICATION." (EMPHASIS ADDED)
NINO v GALAZA, (9TH CIR 1999), 183 F3 1003, 1006.
    IN OTHER WORDS, "THE STATUTE OF LIMITATIONS IS TOLLED
FROM THE TIME THE FIRST STATE HABEAS PETITION IS FILED
UNTIL THE CALIFORNIA SUPREME COURT REJECTS THE PETITIONER'S
FINAL" COLLATERAL APPEAL (EMPHASIS ADDED)
CAREY v SAFFOLD, (9TH CIR 2002) 536 U.S. 214, 223
    IN THE PRESENT MATTER, RESPONDENT CONCEDES THAT
PETITIONER'S WRIT FOR HABEAS CORPUS RELIEF WAS
"PROPERLY FILED" AT ALL STAGES OF THE STATE APPELLATE
REVIEW OTHER THAN DURING THE INTERVAL BETWEEN HIS
STATE COURT OF APPEAL REJECTION AND THE FILING OF SAME
IN THE CALIFORNIA STATE SUPREME COURT. IN THAT REGARDS

1  RESPONDENT CONTENDS THAT DUE TO AN "UNREASONABLE DELAY"

2  IN THE FILING OF PETITIONER'S STATE SUPREME COURT

3  PETITION, PETITIONER'S STATE SUPREME COURT PETITION

4  WAS NOT "PROPERLY FILED." (RESPONDENT'S MOTION TO

5  DISMISS, PAGE 3, LINES 17 THROUGH 23)

6     PRIOR TO ADDRESSING RESPONDENT'S PRIMARY CON-

7  TENTION, PETITIONER SUBMITS THE FOLLOWING:

8     IN REFERENCE TO THE REQUIREMENT THAT A PETITION IS

9  "PROPERLY FILED," THE COURTS HAVE CONSISTENTLY HELD THAT

10 THE TIME DURING WHICH A PROPERLY FILED APPLICATION

11 FOR STATE POST-CONVICTION OR OTHER COLLATERAL REVIEW

12 WITH RESPECT TO THE PERTINENT JUDGMENT OR CLAIM IS

13 PENDING SHALL NOT BE COUNTED TOWARD ANY PERIOD OF

14 LIMITATION UNDER 28 U.S.C. § 2244 (d)(2);

15 NINO v. GALAZA (9TH CIR. 1999) 183 F.3d 1003, 1006;

16 ARTUZ v. BENNETT 531 U.S. 4, 121 S.CT. 361;

17 LOOKINGBILL v. JOHNSON (2000) 242 F.SUPP. 2d. 424

18 SMITH v. DUNCAN (9TH CIR. 2001) 274 F.3d. 1245

19 CAREY v. SAFFOLD (9TH CIR. 2002) 536 U.S. 214

20 GIBSON v. RAZZLE (2005) 383 F.SUPP. 2d. 870

21    FURTHERMORE, IN REFERENCE TO THE FEDERAL RULES OF

22 PROCEDURE, THE UNITED STATES SUPREME COURT HAS HELD

23 THAT THE FEDERAL RULES OF CRIMINAL PROCEDURE ARE NOT,

24 AND WERE NOT INTENDED TO BE A RIGID CODE TO HAVE AN

25 INFLEXIBLE MEANING IRRESPECTIVE OF THE CIRCUMSTANCES.

26 FALLEN v. UNITED STATES (1964) 378 U.S. 139

27    ADDITIONALLY, IT MUST BE NOTED THAT IN THE PRESENT

28 MATTER, PETITIONER HAS SET FORTH FACTS WITHIN HIS

- 7 -

1  PETITION THAT, WHEN DULY PROVEN, WILL CONFIRM THAT HE

2  HAS BEEN UNCONSTITUTIONALLY DEPRIVED OF THE BASIC AND

3  FUNDAMENTAL RIGHTS TO A FAIR AND IMPARTIAL TRIAL

4  AND AS A RESULT THEREOF HAS BEEN IMPRISONED WITHOUT

5  DUE PROCESS AND THE EQUAL PROTECTION OF THE LAWS.

6  IN RE ROBBINS (1998) 18 C. 4TH 770

7    IN THE INSTANT MATTER RESPONDENT WOULD APPEAR TO

8  PLACE HEAVY EMPHASIS AND RELIANCE UPON THE DECISION

9  OF THE COURT AS RENDERED WITHIN THE DECISION OF

10  EVANS v. CHAVIS (2006) 546 U.S. 189 WHEREIN THE COURT

11  HELD THAT IN THE ABSENCE OF A "CLEAR" RULING FROM THE

12  STATE COURT REGARDING THE ISSUE OF "TIMELINESS"; A

13  FEDERAL COURT MUST DECIDE FOR ITSELF WHETHER A STATE

14  HABEAS PETITION IN CALIFORNIA WAS FILED "WITHIN WHAT

15  CALIFORNIA WOULD CONSIDER A 'REASONABLE TIME.'"

16  RESPONDENT FURTHER NOTES THAT "60 DAYS" IS THE LONGEST

17  AMOUNT OF TIME MOST STATES ALLOW FOR A CLAIM TO BE

18  PRESENTED TO A HIGHER COURT AND THAT A SIX MONTH

19  DELAY HAS BEEN DETERMINED TO BE UNREASONABLE

20  UNDER CALIFORNIA LAWS. RESPONDENT THEREFORE CONTENDS

21  THAT THE 114 DAY INTERVAL BETWEEN THE DENIAL OF

22  PETITIONER'S WRIT AND THE FILING OF SAME IN THE STATE

23  SUPREME COURT IS "FAR MORE THAN THE 60 DAYS CON-

24  SIDERED REASONABLE BY MOST STATES."

25    IN ADDRESSING THE AFORESTATED ASSERTIONS BY RESPON-

26  DENT, PETITIONER WOULD FIRST DIRECT THE COURT'S ATTENTION

27  TO THE "ACTUAL" DATE OF THE RECEIPT (NOTICE) OF THE

28  STATE COURT OF APPEAL DECISION (I.E., JULY 11, 2006)

1  WHICH WOULD DECREASE THE INTERVAL AT ISSUE BY 19 DAYS.

2  SECONDLY, THE PETITIONER WOULD MAINTAIN THAT MATERIAL

3  DISTINCTIONS ARE PRESENT THAT WOULD DIFFERENTIATE THE

4  EVANS MATTER FROM THE PETITION OF PETITIONER, E.G.,

5  IN THE FORMER THERE WAS AN INTERVAL IN EXCESS OF

6  3 YEARS BETWEEN THE DENIAL OF THE PETITION BY THE

7  STATE COURT OF APPEAL AND THE FILING OF THE PETITION

8  IN THE STATE SUPREME COURT; THE DECISION OF THE HIGH

9  COURT WAS DIRECTED TOWARD THE FILING OF A SECOND

10  ROUND OF STATE COURT PETITIONS; THE "EQUITABLE TOLLING"

11  THEORY OF THE PETITIONER WAS FOUND TO BE SOMEWHAT

12  LESS THAN CREDIBLE.

13  FURTHERMORE, WHEN ONE CONSIDERS THE THRUST AND

14  UNDERLYING RATIONALE OF THE EVANS CASE AS SET FORTH

15  WITHIN THE CONCURRING OPINION RENDERED BY THE

16  HONORABLE JUSTICE STEVENS, IT BECOMES APPARENT

17  THAT THE RULING WAS NOT DESIGNED TO THWART THE

18  FILING OF A PETITION SUCH THE ONE UNDER PRESENT

19  CONSIDERATION.

20  IN THAT REGARDS, JUSTICE STEVENS CONCLUDED THAT THE

21  HIGH COURT SHOULD ADOPT THE PRESUMPTION THAT IF THE

22  STATE COURT HAS ISSUED AN "UNEXPLAINED" ORDER

23  DENYING A PETITION AND THERE HAS BEEN A DELAY

24  OF LESS THAN SIX (6) MONTHS BETWEEN FILINGS, THE

25  STATE COURT HAS CONCLUDED THAT THE PETITION WAS

26  FILED IN A TIMELY MANNER.

27  IN THE PRESENT MATTER, IT MAY BE NOTED THAT THE

28  STATE SUPREME COURT CITED AS A BASIS FOR ITS DENIAL,

-9-

1. The decision of In Re Dixon (1953) 41 C2 756, 42 Wit,
2. Petitioner is not entitled to relief on the basis of
3. his version of conflicting [evidence which could
4. have been, but was not, raised on direct appeal],
5. i.e., in essence a "procedural flaw" in the filing
6. of his petition. Therefore, it is reasonable to
7. extrapolate that the State Supreme Court examined
8. and considered the impact, (if any), of all potential
9. procedural deficiencies in regards to the filing
10. and substantive content of petitioner's habeas
11. writ, including the issue of "timeliness", and as
12. a result of such examination made the determi-
13. nation that the petition was in fact filed in a
14. timely manner.
15.    Respondent also cites the matter of
16. Culver v Director of Corrections 450 F. Supp. 2d 1135
17. as providing an underlying rationale to reject
18. the petition at issue, However, it would appear as
19. though the circumstances surrounding the former
20. petition are inapropos to the extent that the distinc-
21. tions warrant minimum consideration, e.g.,
22. 1) the petitioner was represented by counsel, hence
23.    unburdened by the restrictions of an incarcerated
24.    petitioner,
25. 2) the failure of the petitioner to "exhaust" all claims,
26. 3) State Supreme Court petition denied without
27.    comment;
28. 4) "overlapping" petitions filed,

5) An elapsed of a period in excess of one (1) year between the date of denial of the state Supreme Court decision (January 25, 2005) and the filing of the petition at the federal level (Feb. 16, 2006)

6) Original State Supreme Court petition denied without comment (August 17, 2005).

7) Petitioner did not file an opposition to the Respondent's motion to dismiss petition for lack of timeliness, hence the motion was "uncontested."

Finally, it may be noted that Respondent has "conveniently" neglected to articulate and set forth reasons helping to articulate a plausible justification to differentiate the applicability of the decision as rendered by the High Court in the matter of Carey v Saffold (2002) 536 U.S. 214 to the present matter, (i.e., the determination that a delay in excess of 4½ months did not bar the resolution of the issues), reaffirmed by the decision as rendered by Gatson v Palmer (9th Cir. 2005) 417 F.3d. 1030.

## IV

A court may apply the doctrine of equitable tolling as a matter of fairness where a petitioner has been in some extraordinary way from exercising his rights;

1    It is a well settled legal principle that a court may

2  apply the Doctrine of "Equitable Tolling" to extend the

3  Statute of Limitations beyond the time of its expira-

4  tion as necessary to avoid inequitable circumstances.

5  Johnson v Nyack Hospital (2nd Cir. 1996) 86 F3d;

6  Whalem/Hunt v Early (2000) 233 F3d. 1146

7  Roy v Lampert (2001) 465 F3d. 964

8  Grayson v Grayson (2002) 185 F. Supp. 2d. 747

9  Lott v Mueller (2002) 304 F. 3d. 918

10    In Determining the applicability of the Doctrine

11  of "Equitable Tolling," two inquiries must be made,

12  i.e. (1) Are there existing "extraordinary circumstances"

13  that materially contribute to the delay and (2)

14  Did the party asserting the application of the

15  Doctrine exercise "Due Diligence?" In applying

16  the aforestated inquiries to the present matter,

17  Petitioner Declares as follows:

18  1) Petitioner has represented himself (Pro Se) at

19  all stages of this matter;

20  2) During all stages of this matter Petitioner has

21  Been a CDC'r prisoner and as a result thereof,

22  incarcerated;

23  3) On October B, 2005, Petitioner was assigned to

24  the prison Job assignment of class.501 (Chapel

25  clerk) with work hours of 0830-1530, Monday

26  through Friday, a position He held until Feb. 1, 2008.

27  4) Petitioner was the sole inmate assigned to such

28  Position During the period as set forth within #3.

5. THE DUTIES OF PETITIONER ENTAILED THE ARRANGEMENT,
SCHEDULING AND COORDINATION OF THE RELIGIOUS
MEETINGS AND EVENTS FOR MORE THAN 1100 INMATES
AND EIGHT (8) RELIGIOUS FAITHS.

6) PETITIONER WAS RESPONSIBLE FOR THE PERFORMANCE OF
DUTIES FOR FIVE (5) PRISON CHAPLAIN SUPERVISORS.

7) THE JOB ASSIGNMENT HOURS OF PETITIONER DIRECTLY
CONFLICTED WITH THE ACCESSIBLE HOURS TO THE
PRISON LEGAL LIBRARY.

8) PRISONERS WHO ARE ABSENT FROM THEIR JOB
ASSIGNMENTS ARE SUBJECT TO DISCIPLINARY
REPRISALS.

9) THE CSP, CORCORAN ADHERES TO AN AD HOC POLICY
OF LIMITING THE NUMBER OF COPIES THAT PRISONERS
MAY OBTAIN TO A NUMBER FAR LESS THAN THE
TEN (10) COPIES FOR THE FILING OF A HABEAS PETITION
IN THE STATE SUPREME COURT (CRC, RULE 44(b)).

10) AS A RESULT OF THE PRISON POLICY AS SET FORTH
WITHIN #9, PETITIONER WAS COMPELLED TO SEEK
AND OBTAIN THE ASSISTANCE OF SOURCES OUTSIDE
OF THE PRISON TO COMPLY WITH THE APPLICABLE
CALIFORNIA RULES OF COURT.

DESPITE THE AFORESTATED IMPEDIMENTS, PETITIONER
ACCOMPLISHED THE FILING OF THE STATE SUPREME
COURT PETITION OF THIS MATTER WITHIN 96 DAYS FROM
THE TIME OF HIS RECEIPT OF NOTICE OF THE DENIAL OF
SAME BY THE STATE COURT OF APPEAL. IT WOULD THERE-
FORE APPEAR AS THOUGH BOTH REQUIREMENTS, (i.e.,

1  "EXTRAORDINARY CIRCUMSTANCES" AND "DUE DILIGENCE")

2  HAVE BEEN DEMONSTRATED IN THIS MATTER THUSLY MAKING

3  THE DOCTRINE OF "EQUITABLE TOLLING" JUSTLY APPLICABLE.

4      FINALLY, IN THE EVENT THAT RESPONDENT CONTESTS OR

5  DISPUTES THE VALIDITY OF THE DECLARATIONS AS SET

6  FORTH HEREIN SUPPORTING PETITIONER'S ASSERTION

7  REGARDING THE APPLICABILITY OF THE DOCTRINE OF

8  "EQUITABLE TOLLING" TO THE "TIMELINESS" ISSUE OF

9  THE FILING OF THIS PETITION, PETITIONER HEREBY

10 REQUEST AN EVIDENTIARY HEARING TO ASSIST THE COURT

11 IN THE MAKING OF SUCH A DETERMINATION.

12 Roy v Lambert (2001) F.3d. 964.

13

14                  CONCLUSION

15

16    PETITIONER RESPECTFULLY REQUEST THAT RESPONDENT'S

17 MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS

18 CORPUS BE DENIED FOR THE REASONS AS SET FORTH HEREIN.

19

20  DATED: JUNE 2, 2008

21

22              RESPECTFULLY SUBMITTED,

23

24              Malik Ali Muhammad

25              MALIK ALI MUHAMMAD

26

27

28

                        -14-

PETITIONER EXHIBIT A

STATE OF CALIFORNIA                                    CSP-CORCORAN

NAME: Muhammad          CDC#: V-37898   HOUSING: 151 L

On (date) 5/2/06 , the above named Inmate received LEGAL/CONFIDENTIAL mail sent
from Clerks of the Superior Court Alameda County Court House 1225 Fallon Street
This receipt of Legal/Confidential will be maintained in the CSP-Corcoran mailroom as proof of receipt. Oakland, CA
                                                                            94612-420

ISSUING OFFICER:                    INMATE SIGNATURE: Marty Ali Muhammad
   Signature:
   (print name): Alcantar
   Date Issued: 5/2/06

# PROOF OF SERVICE BY MAIL

(C.C.P. SEC. 1013 (a) & 2015.5; 28 U.S.C. SEC. 1746)

I _Malik Ali Muhammad_ AM A RESIDENT OF _Norco_, _County of Riverside_, STATE OF CALIFORNIA, I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / A PARTY OF THE ABOVE INTITLED ACTION. MY _mailing_ ADDRESS IS _CRC 402/27 Low_ _P.O. Box 3535_ _Norco, CA. 92860_

ON _June 2_____, 200 8 I SERVED THE FOREGOING.

_Opposition to Motion to Dismiss and Request for Evidentiary Hearing_

(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE(S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT _ESP, Norco, CA. (CRC)_

_Department of Justice_
_Office of the Attorney General_
_455 Golden Gate Avenue, Suite 11000_
_San Francisco, CA. 94102-3664_
_Attn: Ms. Michelle J. Swanson_
_Deputy Attorney General_

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _June 2_____, 200 8.

_Malik Ali Muhammad_
(DECLARANT)



MAIL GENERATED FROM A
CA REHAB CENTER
CR STATE PRISON

SANTA ANA CA 927 JUN

RECEIVED

JUN 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK, U.S. DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

450 GOLDEN GATE AVENUE

SAN FRANCISCO, CALIFORNIA 94102