EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
MICHELE J. SWANSON, State Bar No. 191193
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5703
Fax: (415) 703-1234
Email: Michele.Swanson@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MALIK ALI MUHAMMAD,**<br>Petitioner,<br>**v.**<br>**DERRAL ADAMS, Warden,**<br>Respondent. | C 07-3627 MMC (PR)<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** |

On February 14, 2008, respondent filed a motion to dismiss the petition for writ of habeas corpus as untimely. On June 5, 2008, respondent received petitioner's opposition. The following is our reply.

**ARGUMENT**

**THE PETITION IS UNTIMELY**

Petitioner makes two arguments in opposition to the motion to dismiss. First, that he is entitled to statutory tolling for the entire time his state habeas cases were pending in state court. Second, that he is entitled to equitable tolling. Both of these arguments lack merit.

**A. Petitioner Is Not Entitled To Statutory Tolling Between The Time His State Court Of Appeal And Supreme Court Petitions Were Pending**

In our motion to dismiss, we argued that petitioner was not entitled to tolling for the period between his state court of appeal and supreme court petitions, as he unreasonably delayed filing in the state supreme court for 117 days after denial of his petition in the court of appeal. Petitioner contends that there was only a 96-day delay between the two actions, Opp. at 13, as he did not receive notice of the state court of appeal's denial of his habeas petition until July 11, 2006. Opp. at 8. That circumstance does not justify equitable tolling. *See Drew v. Department of Corrections*, 297 F.3d 1278, 1288 (11th Cir. 2002). But even if it did, 96 days is still far more than the 60-day period considered reasonable for filing a state habeas petition at the next highest level. *See Evans v. Chavis*, 546 U.S. 189, 201 (2006) (noting that 60 days is the longest amount of time most states allow to present a claim to a higher court); *see also Culver v. Director of Corrections*, 450 F. Supp. 2d 1135, 1140-1141 (C.D. Cal. 2006) (finding filing delays of 71 and 97 days between state petitions to be unreasonable under *Chavis*); *Dorthick v. Hamlet*, No. C 06-4860 CRB (PR), 2007 WL 1430041, *3 (N.D. Cal. May 14, 2007) (delays of 97 and 174 days unreasonable); *Forrister v. Woodford*, No. 1:05-CV-00170 LJO WMW HC, 2007 WL 809991, *3 (E.D. Cal. March 15, 2007) (delay of 88 days unreasonable).

Petitioner, citing Justice Stevens's concurring opinion in *Evans v. Chavis*, argues that when a state court issues an unexplained denial of a habeas corpus petition, and there has been a delay of less than six months, the "state court has concluded that the petition was filed in a timely manner." Opp. at 9. Petitioner notes that the California Supreme Court denied his habeas petition on a procedural ground other than untimeliness. Opp. at 9-10. Petitioner reasons that the state supreme court presumably considered all procedural grounds before rendering its decision, and that by failing to specifically reject the petition on untimeliness grounds as well, it determined "that the petition was in fact filed in a timely manner." Opp. at 10.

As a threshold matter, we note that a concurring opinion does not constitute the holding of the Court. Petitioner's citation to Justice Stevens's concurring opinion in *Chavis* is therefore unavailing. Rather, it is only the majority opinion that is binding on the lower courts. Thus, as the

Supreme Court held in *Chavis*, when a state court denies a habeas petition without any explanation or indication as to timeliness, a federal court must conduct its own inquiry to determine whether the state habeas petition was filed within a reasonable time. *Chavis*, 546 U.S. at 197-198. The Supreme Court majority expressly stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most states provide for filing an appeal to the state supreme court." *Id.* at 201. Further, because *Chavis* did not distinguish between denials on the merits or on procedural grounds, such a rule applies equally in this case.

Petitioner argues that in *Carey v. Saffold*, 536 U.S. 214 (2002), the United States Supreme Court found "that a delay in excess of 4 1/2 months did not bar the resolution of the issues," and that the Ninth Circuit "reaffirmed" that determination in *Gaston v. Palmer*, 417 F.3d 1030 (9th Cir. 2005). Opp. at 11. However, in *Saffold*, the Court found that because there were special circumstances present in the case—the petitioner claimed that he did not receive the court of appeal's denial for several months, and that he filed in the supreme court within days of receiving the denial—it was up to the federal court of appeals to decide if the petition was untimely. *Saffold*, 536 U.S. at 226. And we note that the *Gaston* decision cited by petitioner was later modified in *Gaston v. Palmer*, 447 F.3d 1165 (9th Cir. 2006), after the Supreme Court's decision in *Evans v. Chavis*. In its opinion after rehearing, the Ninth Circuit held that 10, 15, and 18-month intervals between state petitions did not warrant tolling. *Gaston*, 447 F.3d at 1167.

In sum, petitioner has not cited any facts or law to overcome respondent's showing of untimeliness. The petition should accordingly be dismissed.

**B. Petitioner Is Not Entitled To Equitable Tolling**

Petitioner contends that he is entitled to equitable tolling in this case. Assuming that equitable tolling of AEDPA is available, *see Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007), a federal habeas petitioner is entitled to equitable tolling only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Given that "the threshold necessary to trigger equitable tolling is very high," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002), it is "unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The petitioner bears the burden of showing

Reply to Opposition to Motion to Dismiss Pet. for Writ of Hab. Corpus as Untimely Muhammad v. Adams, Warden
C 07-3627 MMC (PR)
3

that equitable tolling should apply in his case. *Miranda*, 292 F.3d at 1065. He must establish the following: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner contends that he should be excused from failing to timely file his petition in this case because he is a pro se prisoner; he works as a prison chapel clerk from 8:30 a.m. to 3:30 p.m. Monday through Friday; and he was prevented from timely filing his state supreme court petition because of a prison policy limiting the number of copies an inmate can obtain to less than 10, the amount necessary to file a petition in the California Supreme Court (*see* Cal. Rules of Ct., rule 8.380(a)(3)). Opp. at 12-13. However, petitioner's status as an employed pro per prisoner is hardly an extraordinary circumstance warranting equitable tolling, especially in light of the fact that he managed to file his state court of appeal petition in a reasonable time after the denial of his superior court petition. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding "that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Herrera v. Butler*, 2004 WL 1729927, *2 (N.D. Cal. July 22, 2004) (finding that a petitioner's pro se status and ignorance of the law do not warrant equitable tolling). Moreover, we note that petitioner has failed to submit any documentary evidence of Corcoran State Prison's alleged policy limiting the amount of copies an inmate can obtain. Even if he could present such evidence, he has not alleged any facts showing that he could not obtain an exemption from such policy, or that he acted with due diligence to obtain the amount of copies necessary for filing with the state supreme court. Finally, we note that an evidentiary hearing is unnecessary to resolve such issues, because petitioner is quite capable of presenting such evidence on his own.

In sum, petitioner has not met his burden of showing that he is entitled to equitable tolling in this case. Accordingly, the petition should be dismissed as untimely.

///

///

///

**CONCLUSION**

Accordingly, respondent respectfully requests that the petition for writ of habeas corpus be dismissed with prejudice.

Dated: June 17, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General


/s/ Michele J. Swanson
MICHELE J. SWANSON
Deputy Attorney General
Attorneys for Respondent

20115485.wpd
SF2007402888

Reply to Opposition to Motion to Dismiss Pet. for Writ of Hab. Corpus as Untimely        Muhammad v. Adams, Warden
C 07-3627 MMC (PR)

5