IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK ALI MUHAMMAD, | No. C 07-3627 MMC (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS** |
| vs. | **(Docket No. 5)** |
| DERRAL ADAMS, | |
| Respondent. | |

On July 13, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 23, 2007, after reviewing the petition, the Court ordered respondent to file an answer showing cause why the petition should not be granted, or in the alternative, a motion to dismiss on procedural grounds. Respondent chose the latter course, and has filed a motion to dismiss the petition on the ground that the petition is barred by the applicable one-year statute of limitations. See 28 U.S.C. § 2244(d). Petitioner has filed an opposition, and respondent has filed a reply.

**BACKGROUND**

In 2003, in the Superior Court of Alameda County ("Superior Court"), petitioner was found guilty of stalking and making criminal threats. The trial court suspended the imposition of sentence and placed petitioner on probation for five years. In 2004, the court revoked petitioner's probation and sentenced him to state prison for thirty-two months. (Pet.

at 2-3.)

In 2003, petitioner appealed his conviction; the appeal was denied by the California Court of Appeal ("Court of Appeal") on February 22, 2005, and the California Supreme Court ("Supreme Court") denied review on April 27, 2005.  (MTD Exs. 1, 3.)

In 2004, petitioner appealed the revocation of probation; the appeal was denied by the Court of Appeal on March 29, 2005.  (MTD Ex. 2.)

On April 18, 2006, petitioner filed a habeas petition in the Superior Court; the petition was denied that same date.  (MTD Exs. 4, 5.)

On June 20, 2006, petitioner filed a habeas petition in the Court of Appeal; the petition was denied on June 22, 2006.  (MTD Ex. 6.)

On October 17, 2006, petitioner filed a habeas petition in the Supreme Court; the petition was denied on April 18, 2007.  (MTD Ex. 7.)

On July 13, 2007, petitioner filed the instant federal habeas petition, which raises claims challenging both the conviction and probation revocation.

## DISCUSSION

A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations with respect to petitions for a writ of habeas corpus filed by state prisoners.  Under AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).[1]  Here, petitioner's appeal of his trial claims became final on July 25, 2005, ninety days after the Supreme Court denied review, and the date on which the time for petitioner to file a petition for a writ of certiorari from the United States Supreme Court expired.  Bowen v. Roe, 188

---

[1] In rare instances, not presented by the instant petition, the limitations period may run from a date later than the date on which the judgment became final.  See 28 U.S.C. § 2244(d)(1)(B)-(D).

2

1 F.3d 1157, 1159 (9th Cir. 1999).[2]  Accordingly, absent tolling, petitioner had until July 26,

2 2006, to file a timely habeas corpus petition in federal court.  See Patterson v. Stewart, 251

3 F.3d 1243, 1246 (9th Cir. 2001) (holding period of statutory tolling calculated according to

4 Rule 6(a) of Federal Rules of Civil Procedure, according to which "the day of the act, event,

5 or default from which the designated period of time begins to run shall not be included" in

6 calculating designated period of time).

7 As petitioner did not file the instant petition until July 13, 2007, respondent moves to

8 dismiss the petition on the ground it was filed in excess of the one-year limitations period.

9 Petitioner argues statutory and equitable tolling render the petition timely.

10 B.    Statutory Tolling

11 Pursuant to § 2244(d)(2), the one-year statute of limitations is tolled for the "time

12 during which a properly filed application for State post-conviction or other collateral review

13 with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The

14 statute of limitations is not tolled, however, during the period between the date on which the

15 relevant final decision under 28 U.S.C. § 2244(d)(1) is issued and the date on which the first

16 state collateral challenge is filed.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

17 Thus, in the instant case, the statute began to run on July 26, 2005, the day after the Supreme

18 Court's denial of review became final, and continued to run for 267 days, i.e., until petitioner

19 filed a state habeas petition in the Superior Court on April 18, 2006.

20 Ordinarily, under § 2244(d)(2), the one-year limitations period is tolled from the time

21 a California prisoner files his first state habeas petition until the date the state Supreme Court

22 rejects his final collateral challenge.  Carey v. Saffold, 536 U.S. 214, 219-20 (2006).

23 Consequently, in the instant case, the limitations period would toll continuously from

24 April 18, 2006, the date on which petitioner filed his first state habeas petition in the Superior

---

[2]As noted, the instant petition challenges both petitioner's conviction and probation revocation.  Although petitioner's appeal of his probation revocation became final on May 8, 2005, the date on which the forty-day time period to file a petition for review expired, see Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002), the parties have agreed to calculate the limitations period by applying the later date of July 25, 2005, the date on which the appeal of petitioner's conviction became final.

3

1 Court, until April 18, 2007, the date on which the Supreme Court denied his final state
2 habeas petition. Here, however, respondent argues, petitioner is not entitled to such
3 continuous tolling of the limitations period because petitioner unreasonably delayed in filing
4 his state habeas petition in the Supreme Court.

5 Accordingly, the Court will review petitioner's state habeas petitions in order to
6 determine the amount of statutory tolling to which petitioner is entitled for each of the time
7 periods during which those petitions were pending in state court.

### 1. Superior Court and Court of Appeal Petitions

As noted above, petitioner filed: (1) a habeas petition in the Superior Court on April 18, 2006, which petition was denied by the Superior Court that same date, and (2) a habeas petition in the Court of Appeal on June 20, 2006, which petition was denied on June 22, 2006. There is no dispute that the limitations period was tolled continuously from the date petitioner filed his petition in the Superior Court until the date his petition was denied by the Court of Appeal.

### 2. Supreme Court Petition

Again as noted, petitioner filed a petition in the Supreme Court on October 17, 2006, more than three months after the Court of Appeal's denial on June 22, 2006. Respondent argues petitioner is not entitled to statutory tolling for the 117 days that elapsed between the date of the denial of petitioner's Court of Appeal petition and the filing of his Supreme Court petition because the delay in filing the latter petition was unreasonable.

Under California's collateral review process, for purposes of § 2244(d)(2), the time between a lower court's decision and the filing of a new petition in a higher court is treated as time the petition is pending, provided the state court does not dismiss the petition as untimely and the intervals between petitions are "reasonable." Saffold, 536 U.S. at 223-26. Where there is no clear indication from the state court as to whether the petition was timely under California law, however, the federal court must itself examine the delay and determine whether the petition was filed within what California would consider a reasonable period of time. Evans v. Chavis, 546 U.S. 189, 197-98 (2006). Even when a California state habeas

4

petition is denied on the merits, the federal court must determine whether the petition was timely, if the issue of timeliness was not expressly addressed by the state court. Id.

Here, the Supreme Court, in denying petitioner's habeas petition, cited In re Dixon, 41 Cal. 2d 756 (1953), which holds that to bring a claim in a state habeas corpus action a petitioner must first, if possible, have pursued the claim on direct appeal from his conviction, unless the claim falls within certain exceptions. See Park v. California, 202 F.3d 1146, 1151 (9th Cir. 2000). Accordingly, as the Supreme Court did not expressly address the question of the petition's timeliness, this Court must make a determination as to whether the petition was filed within what California would consider a reasonable period of time. See Chavis, 546 U.S. at 197-98.

In Chavis, there was an unexplained six-month delay between the denial of the petitioner's state habeas petition in the California Court of Appeal and the filing of his subsequent petition in the California Supreme Court. Chavis found the delay unreasonable, holding as follows:

> Six months is far longer than the short periods of time, 30 to 60 days, that most States provide for filing an appeal to the state supreme court. It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court. We have found no authority suggesting, nor found any convincing reasons to believe, that California would consider an unjustified or unexplained 6-month delay reasonable. Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in [Carey v. Saffold].

Id. at 201 (internal quotations and citations omitted).

Thus, Chavis made clear that, in California, an unjustified delay of six months is presumptively unreasonable; further, Chavis stressed that because of the continued lack of clarification from the state Supreme Court as to the scope of the words "reasonable time" in the context of delayed petitions, the federal courts would assume that "California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules." Id. at 199-200. As set forth above, Chavis found "most states" allow for filing delays of no longer than "30 to 60 days." See id. at 201.

In the instant case, the length of the delay at issue is 117 days. Although the Ninth

5

Circuit has not addressed the applicability of <u>Chavis</u> to a period of delay of less than ten months, see <u>Gaston v. Palmer</u>, 447 F.3d 1165, 1167 (9th Cir. 2006) (finding no statutory tolling for unexplained periods of delay of 10, 15, and 18 months between filings of California habeas petitions), numerous district courts have found filing delays unreasonable where such delays were similar or shorter in length than the delay herein, and no adequate justification was provided, see, e.g., <u>Culver v. Director of Corrections</u>, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (finding 97-day and 71-day delays unreasonable); <u>Livermore v. Watson</u>, 2008 WL 802330, *4 (E.D. Cal. March 26, 2008) (finding 78-day delay unreasonable); <u>Hunt v. Felker</u>, 2008 WL 364995, *3 (E.D. Cal. Feb. 8, 2008) (finding 70-day delay unreasonable); <u>Young v. Hickman</u>, 2008 WL 361011, *3 (E.D. Cal. Feb. 8, 2008) (finding 95-day delay unreasonable); <u>Bridges v. Runnels</u>, 2007 WL 2695177, *2 (E.D. Cal. Sep. 11, 2007) (finding 76-day delay unreasonable); <u>Johnson v. Yates</u>, 2007 WL 1750231, *1 (N.D.Cal. June 15, 2007) (finding 3-month delay unreasonable); <u>Dorthick v. Hamlet</u>, 2007 WL 1430041, at *3 (N.D. Cal. May 14, 2007) (finding 97-day and 174-day delays unreasonable); <u>Forrister v. Woodford</u>, 2007 WL 809991, *2-3 (E.D. Cal. March 15, 2007) (finding 88-day delay unreasonable); <u>cf.</u> <u>White v. Ollison</u>, 530 F. Supp. 2d 1077, 1082 (C.D. Cal. Oct. 17, 2007) (finding 76-day delay reasonable where adequate justification shown); <u>Byrnes v. Folsom State Prison Warden</u>, 2006 WL 3028418, at *2 (E.D. Cal. Oct. 24, 2006) (finding 88-day delay reasonable where adequate justification shown).

Relying on Justice Stevens's concurring opinion in <u>Chavis</u>, petitioner argues the delay herein was not unreasonable. In <u>Chavis</u>, Justice Stevens proposed that, rather than having the federal courts determine whether a state habeas petition denied without explanation was untimely, a presumption should be adopted that "if a California court issues an unexplained order denying a petition filed after a delay of less than six months, the court considered that petition to be timely . . ." <u>Chavis</u>, 546 U.S. at 209. Consequently, petitioner reasons, because the California Supreme Court denied his petition on a procedural ground other than untimeliness, and his delay in filing was less than six months, this Court should presume the petition was timely filed. Justice Stevens's concurring opinion, however, does not constitute

6

the holding of Chavis. Rather, it is the majority opinion that is binding on the lower courts, which opinion holds that when a state court denies a habeas petition without any discussion of timeliness a federal court must conduct its own inquiry into whether the petition was filed within a reasonable period of time. Id. at 197-98.

Petitioner next argues the delay herein was not unreasonable because (1) in Carey v. Saffold, 536 U.S. 214 (2002), a case that considered, inter alia, whether a California state habeas petition had been timely filed, the United States Supreme Court found "that a delay in excess of 4 ½ months did not bar resolution of the issues," and (2) the Ninth Circuit "reaffirmed" that determination in Gaston v. Palmer, 417 F.3d 1030 (9th Cir. 2005). (Opp. at 11.) Contrary to petitioner's assertion, however, Saffold did not hold that the four and one-half month delay was reasonable; rather, it remanded that question to the Ninth Circuit for determination. Saffold, 536 U.S. at 226-27. Moreover, on remand, the Ninth Circuit, finding there was no state court decision with respect to the four and one-half month delay, did not consider the issue of whether the delay was reasonable under California law; instead, it presumed the California Supreme Court petition was not untimely because it was not expressly denied as such. Saffold v. Carey, 312 F.3d 1031, 1035-36 (9th Cir. 2002). Petitioner's reliance on the Ninth Circuit's 2005 decision in Gaston likewise is misplaced, as that decision was later modified in Gaston v. Palmer, 447 F.3d 1165 (2006), after the Supreme Court's decision in Chavis was issued. Specifically, while the Ninth Circuit originally found the petitioner in Gaston was entitled to statutory tolling for the periods between his state habeas petitions, it subsequently found, on rehearing after Chavis, that the 10-, 15-, and 18-month intervals were unreasonable and did not warrant tolling. See Gaston, 447 F.3d at 1166-67.

Accordingly, applying herein the guidelines set forth in Chavis, the Court finds a filing delay of 117 days is "substantially longer" than the 30- to 60-day delays allowed in states with determinate timeliness rules, see Chavis, 546 U.S. at 200, and that, absent justification, California would consider such delay unreasonable.

The Ninth Circuit has found California's timeliness rule bars habeas petitions that are

7

1  filed after "substantial delay"; consequently, a habeas petitioner in California must justify
2  any significant or substantial delay in seeking habeas relief. See King v. Lamarque, 464 F.3d
3  963, 966 (9th Cir. 2006) (citing In re Clark, 5 Cal. 4th 750, 750-51 (1993)); see also In re
4  Robbins, 18 Cal. 4th 770, 805 (1998) ("A claim or subclaim that is substantially delayed will
5  nevertheless be considered on the merits if the petitioner can demonstrate 'good cause' for
6  the delay.")  The California courts, however, have not provided standards to assist in the
7  determination of whether any particular length of delay is justified. See King, 464 F.3d at
8  966.

9        Here, petitioner attempts to justify the 117-day filing delay on the following grounds:
10 (1) he is a pro se prisoner; (2) he worked as a prison chapel clerk from 8:30 a.m. to 3:30 p.m.
11 Monday through Friday; and (3) he was prevented from timely filing his Supreme Court
12 petition because of an ad hoc prison policy at Corcoran State Prison limiting the number of
13 copies an inmate can obtain to less than ten, which is the requisite number for filing a petition
14 in the Supreme Court.  For the reasons discussed below, the Court concludes the Supreme
15 Court would not have found the grounds asserted by petitioner, either standing alone or in
16 combination, justified the delay herein.

17       First, petitioner's pro se status does not demonstrate good cause for a delay in filing.
18 Cf. Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006) (holding "[i]t is clear that pro se
19 status, on its own, is not enough to warrant equitable tolling" of one-year limitations period);
20 cf. also Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding pro se prisoner's
21 lack of legal sophistication does not, by itself, warrant equitable tolling of one-year
22 limitations period).

23       Second, the fact that petitioner was employed as a prison chapel clerk provides no
24 justification for the 117-day filing delay that resulted in petitioner's filing his petition in the
25 Supreme Court on October 17, 2006.  According to petitioner, he worked in that position
26 from October 8, 2005 to February 1, 2008.  The record herein shows that on June 20, 2006,
27 when petitioner was so employed, he was able to file his habeas petition in the Court of
28 Appeal within 60 days of the denial of his Superior Court petition; there is no allegation that

8

the circumstances of petitioner's employment changed in any manner between the filing of that earlier petition and the filing of his petition in the Supreme Court. Cf. Gaston, 417 F.3d at 1034-35 (holding federal habeas petitioner not entitled to equitable tolling of one-year limitations period where he was able to timely file state habeas petition and had not shown significant change in conditions thereafter).

Third, petitioner's assertion that Corcoran State Prison had an ad hoc prison policy limiting the number of copies an inmate can obtain does not demonstrate good cause for the filing delay, as petitioner has not alleged that he acted with due diligence to obtain the necessary copies. Cf. Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007) (holding equitable tolling available only where petitioner shows untimeliness caused by external impediment, not petitioner's own lack of diligence). Although petitioner does not set forth the specific language of the policy,[3] if such policy was intended to limit the number of copies an inmate could obtain in one copying session, the policy would not justify petitioner's delay, as he has not alleged that he could not have obtained the requisite number of copies by making them in multiple sessions. Alternatively, if the policy was intended to limit the total number of copies made of any given document, the policy would not justify petitioner's delay, as he has not alleged that he requested an exemption from such policy in order to comply with the California Rules of Court, and that such request was denied. In any event, the policy does not justify petitioner's delay because petitioner concedes he was able to obtain the requisite copies from "sources outside of prison," and does not allege that his having to do so was the cause of the delay. (Opp. at 13.) Cf. Gaston, 417 F.3d at 1034-35 (holding petitioner must show causal connection between grounds upon which he asserts right to equitable tolling and inability to timely file federal habeas petition).

In sum, none of the above-asserted grounds, standing alone, justifies the 117-day

---

[3] The sole allegation made by petitioner with respect to the policy is as follows: "The CSP [California State Prison], Corcoran adheres to an ad hoc policy of limiting the number of copies that prisoners may obtain to a number far less than the ten (10) copies for the filing of a habeas petition in the state supreme court." (CRC [Cal. Rules of Court], Rule 44(b).)" (Opp. At 13:13:-16.)

9

filing delay, nor is such delay justified when such grounds are considered together.  Cf. Lott v. Mueller, 304 F.3d 918, 924-25 (9th Cir. 2002) (remanding for further consideration of equitable tolling, under "unusual facts" presented, where petitioner alleged it was impossible for him to file timely federal habeas petition because he was denied access to legal files for lengthy period, legal questions as to proper method of tolling one-year limitations period were unresolved during period in which petitioner's state habeas petition was pending, and, without equitable tolling, federal petition was only seven days late).

Based on the foregoing, the Court finds the Supreme Court would have rejected petitioner's argument that the delayed filing of his habeas petition was justified. Accordingly, as the 117-day delay between the denial of the Court of Appeal petition and the filing of the Supreme Court petition was both unreasonable and unjustified, petitioner is not entitled to statutory tolling for that period.

There is no dispute that petitioner is entitled to statutory tolling from October 17, 2006, the date on which the petition was filed in the Supreme Court, until April 18, 2007, the date on which the Supreme Court denied the petition. Consequently, by the time the Supreme Court petition was denied, 384 days not subject to tolling had elapsed.[4]

3.  Federal Petition

On April 19, 2007, the day after the Supreme Court's denial, the statute of limitations began to run, and it continued to do so until petitioner filed the instant petition 93 days later, on July 13, 2007. Accordingly, at the time the instant petition was filed, 477 days not subject to tolling had elapsed, i.e., 112 days in excess of the 365-day limitations period. The petition thus is untimely, unless petitioner can show he is entitled to equitable tolling.

C.  Equitable Tolling

The United States Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to [the one-year] statute of limitations." Pace v. DiGuglielmo,

---

[4]The number of days not subject to tolling is calculated by adding the 267 days that elapsed before the Superior Court petition was filed to the 117 days that elapsed between the dates the Court of Appeal petition was denied and the Supreme Court petition was filed.

10

544 U.S. 408, 418 n.8 (2005). The Ninth Circuit has held, however, that the one-year limitations period may be equitably tolled. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

Equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Roy v. Lampert, 455 F.3d 945, 950 (9th Cir. 2006). Significantly, the prisoner must show that the extraordinary circumstances were the cause of his untimeliness. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Equitable tolling is justified in few cases, as the threshold necessary to trigger such tolling is very high. Id. The petitioner bears the burden of showing he is entitled to equitable tolling, and the determination whether such tolling applies is a fact-specific inquiry. Id.

Petitioner asserts he is entitled to equitable tolling for the 19 days that elapsed beginning on the date on which the Court of Appeal denied his habeas petition, June 22, 2006, to the date on which he received notice of such denial, July 11, 2006. Petitioner's argument is not persuasive. First, the record is inadequate to establish that petitioner is entitled to equitable tolling for such period, as petitioner has not submitted admissible evidence showing the date on which he received notice from the Court of Appeal of said denial. Further, the Court is aware of no case holding that the ordinary lapse of time occurring from the date on which a court mails notice of a ruling to a petitioner to the date on which such notice is received by the petitioner constitutes an extraordinary circumstance that warrants equitable tolling. Moreover, even if petitioner could establish he is entitled to such tolling, the instant petition would still be untimely. The petition, without equitable tolling, is 112 days late; with 19 days of equitable tolling, the petition would be 93 days late.

Petitioner also argues he is entitled to equitable tolling for the same reasons on which he relied to justify his delayed filing in the Supreme Court. As discussed above, petitioner has not shown he was prevented from filing a timely petition in state court, either because of his status as an employed pro se prisoner or the ad hoc prison policy limiting the number of

copies a prisoner can obtain. Similarly, neither circumstance constitutes an extraordinary circumstance beyond petitioner's control that made it impossible for him to file his petition on time.[5]

In sum, as the instant petition was filed 112 days in excess of the one-year period of limitations and petitioner is not entitled to equitable tolling, the motion to dismiss will be granted and the petition will be dismissed as untimely.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition as untimely is hereby GRANTED and the petition for a writ of habeas corpus is hereby DISMISSED.

This order terminates Docket No. 5.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: July 23, 2008

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　MAXINE M. CHESNEY
　　　　　　　　　　　　　　　　　United States District Judge

---

[5] Petitioner requests an evidentiary hearing on the issue of his entitlement to equitable tolling. As petitioner's factual allegations, even if proved, do not constitute grounds for equitable tolling, the request for a hearing is denied.

12