1  Malik Ali Muhammad, V-37398

2  CSP, CRC  402/22 Low

3  P.O. Box 3535

4  Norco, CA. 92860

5

6  Petitioner, Pro Se

7

8        In the United States District Court

9      For the Northern District of California

10

11

12  Malik Ali Muhammad        No. C 07-3627 mmc (pr)

13         Petitioner,

14                  Petitioner's Application

15         vs            For Certificate of

16                 Appealability From The

17  Derral Adams, Warden     District Court And State-

18         Respondent.     ment of Reasons in Support

19

20      To the Honorable Maxine M. Chesney United States

21  District Judge, Northern District of California.

22

23            Introduction

24

25      Pursuant to 28 U.S.C. A§ 2253, Rule 22(a)(1) F.R.A.P. and

26  Ninth Circ. Rule 22-1, Petitioner Malie Ali Muhammad,

27  (Hereafter "Petitioner"), Hereby Request that the

28  United States District Court issue a Certificate of Appealability,

1  (Hereafter "COA"), permitting Petitioner to appeal

2  from the Judgment entered by the Honorable

3  Maxine M. Chesney, United States District Judge, on

4  July 23, 2008, Dismissing with Prejudice the Petition

5  For writ of Habeas Corpus in the above-entitled

6  matter. Concurrently with the application for COA,

7  Petitioner has Filed a Timely notice of appeal.

8

9  Issues on which Certificate of Appealability is sought

10

11                    Issue #1

12

13      Whether the District Court Erred in Granting

14  Respondent's motion to Dismiss Petition as Untimely

15

16                    Issue #2

17

18      Whether the District Court Erred in Failing to

19  Grant an Evidentiary Hearing in Regards to

20  Petitioner's Claim of Equitable Tolling

21

22                    Issue #3

23

24      Whether Petitioner was Denied the Fundamental

25  Constitutional Right to Due Process and the Right

26  of Confrontation and Cross-examination of His Accuser

27

28

2

1          *Issue #4*

2

3      WHETHER PETITIONER WAS DENIED EQUAL PROTECTION OF

4   THE LAW AND HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL.

5

6          *Issue #5*

7

8      WHETHER PETITIONER'S FUNDAMENTAL (CONSTITUTIONAL)

9   RIGHT TO FREEDOM OF SPEECH WAS VIOLATED.

10

11          *Issue #6*

12

13      WHETHER THE REVOCATION OF PETITIONER'S PROBATION

14   WAS BASED UPON AN UNCONSTITUTIONALLY VAGUE AND

15   AMBIGUOUS CONDITION OF PROBATION.

16

17          *Issue #7*

18

19      WHETHER THE REVOCATION OF PETITIONER'S PROBATION

20   WAS BASED UPON AN UNCONSTITUTIONALLY OVERLY BROAD

21   CONDITION OF PROBATION.

22

23          *Issue #8*

24

25      WHETHER THE REVOCATION OF PETITIONER'S PROBATION

26   VIOLATED THE DOCTRINE OF "SEPARATION OF POWERS."

27

28

3

1                          _Issue #9_

2

3    WHETHER THE REVOCATION OF PETITIONER'S PROBATIONARY

4    STATUS EXCEEDED THE JURISDICTION OF THE REVOKING

5    COURT.

6

7                          _Issue #10_

8

9    WHETHER THE REVOCATION OF PETITIONER'S PROBATION

10   CONSTITUTED AN IMPROPER OBSTRUCTION TO THE PROPER

11   ADMINISTRATION OF JUSTICE.

12

13                         _Issue #11_

14

15   WHETHER THE PETITIONER WAS DENIED DUE PROCESS AND

16   EQUAL PROTECTION OF THE LAW AS A RESULT OF THE

17   INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

18

19

20          LEGAL STANDARD FOR ISSUANCE OF COA

21

22   IN THE UNITED STATES SUPREME COURT DECISION OF

23   MILLER-EL v CORKRELL (2003) 537 U.S. 322, 123 S. CT. 1029, THE COURT

24   CLARIFIED THE STANDARDS FOR ISSUANCE OF A COA:

25

26     "... A PRISONER SEEKING A COA NEED ONLY DEMONSTRATE

27     A "SUBSTANTIAL SHOWING OF A DENIAL OF A CONSTITUTION

28     AL RIGHT." A PETITIONER SATISFIES THIS STANDARD BY

1  DEMONSTRATING THAT JURISTS OF REASON COULD DISAGREE

2  WITH THE DISTRICT COURT'S RESOLUTION OF HIS CONSTI-

3  TUTIONAL CLAIMS OR THAT JURISTS COULD CONCLUDE THAT

4  THE ISSUES PRESENTED ARE ADEQUATE TO DESERVE EN-

5  COURAGEMENT TO PROCEED FURTHER.

6

7  Id., 123 S. CT. AT 1034 CITING SLACK v. McDANIEL, 529 U.S. 473, 484,

8  REDUCED TO ITS ESSENTIALS, THE TEST IS MET WHERE THE

9  PETITIONER MAKES A SHOWING THAT "THE PETITION SHOULD

10  HAVE BEEN RESOLVED IN A DIFFERENT MANNER OR THAT

11  THE ISSUES PRESENTED WERE "ADEQUATE TO DESERVE EN-

12  COURAGEMENT TO PROCEED FURTHER." Id., AT 1039, CITING

13  BAREFOOT v ESTELLE 463 U.S. 880 (1983). FURTHERMORE, "WHEN

14  THE DISTRICT COURT DENIES A HABEAS PETITION ON PRO-

15  CEDURAL GROUNDS WITHOUT REACHING THE PRISONER'S

16  UNDERLYING CONSTITUTIONAL CLAIM, A COA SHOULD ISSUE

17  WHEN THE PRISONER SHOWS, AT LEAST THAT JURISTS OF

18  REASON WOULD FIND IT DEBATABLE WHETHER THE PETITION

19  STATES A VALID CLAIM OF A DENIAL OF A CONSTITUTIONAL

20  RIGHT AND THAT JURISTS OF REASON WOULD FIND IT DE-

21  BATABLE WHETHER THE DISTRICT COURT WAS CORRECT IN ITS

22  PROCEDURAL RULING." (SLACK, SUPRA). INDEED, A CLAIM

23  CAN BE DEBATABLE EVEN THOUGH EVERY JURIST OF REASON

24  MIGHT AGREE, AFTER THE COA HAS BEEN GRANTED AND

25  THE CASE HAS RECEIVED FULL CONSIDERATION, THAT THE

26  PETITION WILL NOT PREVAIL. (SLACK, SUPRA)

27

28  FOR THE REASONS STATED BELOW, THE ISSUES ON WHICH

1  PETITIONER SEEKS A COA ARE AT LEAST DEBATABLE AMONG

2  JURISTS OF REASON. HENCE, EVEN THOUGH THIS COURT'S

3  DECISION MIGHT ULTIMATELY BE AFFIRMED ON

4  APPEAL, PETITIONER IS ENTITLED TO A COA ON THE

5  ISSUES SET FORTH ABOVE.

6

7      STATEMENT OF REASONS FOR ISSUANCE OF COA

8

9    THE DISTRICT COURT ERRED IN DISMISSING

10     THE PETITION AS BEING UNTIMELY.

11

12   IN 2003, IN THE SUPERIOR COURT OF ALAMEDA COUNTY,

13  PETITIONER WAS CONVICTED OF STALKING AND MAKING

14  CRIMINAL THREATS. THE TRIAL COURT SUSPENDED THE

15  IMPOSITION OF SENTENCE AND PLACED PETITIONER ON

16  PROBATION FOR A PERIOD OF FIVE YEARS.

17   IN 2004, THE COURT REVOKED PETITIONER'S PROBATION AND

18  SENTENCED HIM TO STATE PRISON FOR A TERM OF 32 MONTHS.

19   IN 2003, PETITIONER APPEALED HIS CONVICTION; THE APPEAL

20  WAS DENIED BY THE CALIFORNIA COURT OF APPEAL ON

21  FEBRUARY 22, 2005, AND THE CALIFORNIA SUPREME COURT

22  DENIED REVIEW ON APRIL 27, 2005.

23   IN 2004, PETITIONER APPEALED THE REVOCATION OF HIS

24  PROBATION; THE APPEAL WAS DENIED BY THE COURT OF APPEAL

25  ON MARCH 29, 2005. ON APRIL 18, 2006, PETITIONER FILED

26  A HABEAS PETITION IN THE SUPERIOR COURT; THE PETITION WAS

27  DENIED THAT SAME DATE.

28   ON JUNE 20, 2006, PETITIONER FILED A HABEAS PETITION IN

1  THE COURT OF APPEALS. THE PETITION WAS DENIED ON

2  JUNE 22, 2006.

3  ON OCTOBER 17, 2006, PETITIONER FILED A HABEAS

4  PETITION IN THE CALIFORNIA SUPREME COURT, THE

5  PETITION WAS DENIED ON APRIL 18, 2007 (IN RE DIXON)

6  ON JULY 13, 2007, PETITIONER FILED THE INSTANT HABEAS

7  PETITION (FEDERAL) WHICH RAISES CLAIMS CHALLENGING

8  BOTH THE CONVICTION AND PROBATION REVOCATION.

9

10                    DISCUSSION

11

12  PETITIONER CONTENDS THAT THE DISTRICT COURT JUDGE

13  ERRED BY SUMMARILY DISMISSING HIS PETITION AS BEING

14  UNTIMELY DUE TO THE FOLLOWING:

15

16  THE FEDERAL RULES OF CRIMINAL PROCEDURE ARE NOT AND WERE NOT

17  INTENDED TO BE, A RIGID CODE TO HAVE AN INFLEXIBLE

18  MEANING IRRESPECTIVE OF THE CIRCUMSTANCES.

19  FALLEN v UNITED STATES 378 U.S. 139, 84 S. CT 1689 (1964)

20

21  "HABEAS CORPUS AND CIVIL RIGHTS ACTIONS ARE OF FUNDA-

22  MENTAL IMPORTANCE ... IN OUR CONSTITUTIONAL SCHEME"

23  BECAUSE THEY DIRECTLY PROTECT OUR MOST VALUED RIGHTS.

24  BOUNDS v SMITH, 430 U.S. 817, 97 S. CT. 1491 (1977), CITING

25  JOHNSON v AVERY 393 U.S. at 485, 89 S. CT. at 748, AND

26  WOLFF v McDONNELL 418 U.S. at 579, 94 S. CT. at 2986.

27

28

7

1    THE EXHAUSTION REQUIREMENT IS "GROUNDED IN PRINCIPLES

2    OF COMITY." IT IS "PRINCIPALLY DESIGNED TO PROTECT THE

3    STATE COURTS' ROLE IN THE ENFORCEMENT OF FEDERAL LAW

4    AND PREVENT DISRUPTION OF STATE JUDICIAL PROCEEDINGS."

5    NINO v GALAZA 183 F. 3d 1003 (9TH CIR. 1999) CITING

6    ROSE v LUNDY 455 U.S. 509, 518, 102 S.CT. 1198 (1982).

7

8    THE SITUATION OF PRISONERS SEEKING TO APPEAL WITHOUT

9    THE AID OF COUNSEL IS UNIQUE IN THAT THE PRISONER;

10    1) CANNOT TRAVEL TO COURT TO INSURE THE FILING OF

11       NECESSARY PAPERS AND DOCUMENTS,

12    2) CANNOT PLACE DOCUMENTS DIRECTLY INTO THE HANDS OF

13       THE POSTAL SERVICE,

14    3) CANNOT FOLLOW-UP WITH CALLS TO THE COURTHOUSE,

15    4) DO NOT HAVE LAWYERS TO MONITOR THE PROGRESS OF

16       THE CASE AND ARE,

17    5) UNABLE TO LEAVE PRISON FOR ANY REASON.

18

19    IN ITS DISMISSAL DENSE, IT WOULD APPEAR AS THOUGH

20    THE DISTRICT COURT PLACED SIGNIFICANT EMPHASIS UPON

21    THE DECISION RENDERED WITHIN THE CASE OF

22    EVANS v CHAVIS, 546 U.S. 189, 126 S.CT. 846 (2006). FORE-

23    MOST, IT MUST BE NOTED THAT THE PETITIONER, (CHAVIS), IN

24    THAT MATTER, HAD NOT ONLY FILED A "SECOND ROUND"

25    OF PETITIONS (APPROXIMATELY 2 YEARS SUBSEQUENTLY TO

26    THE FIRST ROUND) AND THERE HAD ALSO BEEN A HISTORY

27    OF UNEXPLAINED DELAYS BETWEEN THE FILINGS OF THE

28    PETITIONS IN THE STATE COURT, THE DELAY AT ISSUE WAS IN

1 EXCESS OF SIX MONTHS. COMPARATIVELY, THE TOTAL TIME
2 INTERVAL THAT ELAPSED BETWEEN THE FILINGS OF
3 PETITIONER'S HABEAS PETITION IN THE SUPERIOR COURT
4 AND THE STATE SUPREME COURT DID NOT EXCEED SIX (6)
5 MONTHS. FURTHERMORE, THE DISTRICT COURT CONCEDES
6 THAT THE NINTH CIRCUIT "HAS NOT ADDRESSED THE
7 APPLICABILITY OF THE CHAVIS DECISION TO A PERIOD
8 OF LESS THAN TEN MONTHS" (5.28-6.2).
9     REGARDING THE CONCURRING OPINION OF CHAVIS,
10 WHEREIN UNITED STATES SUPREME COURT JUSTICE STEVENS
11 SETS FORTH THE PRESUMPTION THAT "UNEXPLAINED"
12 STATE COURT ORDERS THAT DENY HABEAS PETITIONS WITH
13 DELAYS IN FILING(S) OF SIX (6) MONTHS OR LESS, (i.e.
14 PETITIONS SHOULD BE CONSIDERED TO HAVE BEEN
15 FILED IN A TIMELY MANNER); THE DISTRICT COURT
16 CORRECTLY ARTICULATES THAT THE CONCURRING
17 OPINION "DOES NOT CONSTITUTE THE HOLDING" OF THE
18 CASE. NEVERTHELESS, WHEN CONSIDERING THE PROPER
19 STANDARD APPLICABLE TO THE DECISION OF WHETHER
20 TO ISSUE A COA, IT IS CLEAR THAT THE DISTRICT
21 COURT WOULD AGREE THAT JUSTICE STEVENS IS, IN FACT,
22 A "JURIST OF REASON," AS TO PRESUME TO THE CON-
23 TRARY WOULD BE AN INDECOROUS INFERENCE OF THE
24 GREATEST MAGNITUDE.
25     THE DISTRICT COURT WOULD ALSO APPEAR TO RELY UPON
26 THE DECISION OF CULVER V DIRECTOR OF CORRECTIONS,
27 450 F. Supp. 2d 1135 (2006), WHEREIN FILING DELAYS OF
28 97 AND 71 DAYS WERE DEEMED TO BE UNREASONABLE.

9

1  However, the distinctions between Culver and the
2  petition herein are strikingly apparent, e.g.,
3      a) Foremost, the petitioner in the former matter
4      was represented by counsel during the
5      course of filings at issue,
6      b) In the Culver matter respondent's motion to
7      dismiss the petition was unopposed,
8      c) In Culver there was a 448 day delay between
9      the filing of the petition in the state supreme
10     court and the filing of same in the Federal
11     district court,
12     d) The state supreme court denied the petition
13     "without comment," whereas the court in the
14     present matter cited a procedural defect,
15     (In Re Dixon), within its denial order.
16
17     In summation regarding the issue of "statutory
18  tolling," petitioner submits the following:
19
20     1) Ordinarily, under 28 U.S.C. § 2244(d)(2), the one
21     year limitations period for filing habeas
22     petitions challenging non-capital state
23     convictions is tolled from the time a California
24     prisoner files his first state habeas petition
25     until the date the state supreme court rejects
26     his final collateral challenge.
27
28     2) In the Ninth Circuit case of Saffold v. Carey 312 F3 1031

1  (9TH CIR. 2003), THE COURT PRESUMED THAT THE CALIFORNIA

2  SUPREME COURT PETITION WAS NOT UNTIMELY BECAUSE IT

3  WAS NOT EXPRESSLY DENIED AS SUCH BY THE CALIFORNIA

4  SUPREME COURT (7, 15-16).

5

6    3) THE CALIFORNIA SUPREME COURT DID NOT EXPRESSLY

7    DENY PETITIONER'S HABEAS PETITION ON THE BASIS

8    OF UNTIMELINESS (5, 7-8).

9

10    4) THE "REALITY" IS THAT THE CALIFORNIA SUPREME

11    COURT GAVE NO INDICATION WHATSOEVER THAT IT

12    CONSIDERED THE FILING OF PETITIONER'S HABEAS

13    PETITION "UNTIMELY".

14

15    IT WOULD THEREFORE APPEAR THAT AT THE VERY

16  LEAST JURISTS OF REASON WOULD FIND THE ISSUE OF

17  THE "TIMELINESS" OF THE FILING OF PETITIONER'S

18  HABEAS PETITION DEBATABLE AND AS A RESULT

19  THEREOF THE ISSUANCE OF A COA THE PROPER

20  COURSE OF ACTION.

21

22

23    THE DISTRICT COURT ERRED BY DENYING PETITIONERS

24  CLAIM OF EQUITABLE TOLLING

25

26    IN RULING THAT PETITIONER IS NOT ENTITLED TO THE

27  BENEFIT OF EQUITABLE TOLLING THE DISTRICT COURT

28  ASSERTS THAT " THE RECORD IS INADEQUATE TO ESTABLISH

11

1  PETITIONER IS ENTITLED TO SUCH TOLLING (11, 16-17) AND
2  PETITIONER HAS NOT SHOWN HE WAS PREVENTED FROM
3  FILING A TIMELY PETITION IN STATE COURT, EITHER
4  BECAUSE OF HIS STATUS AS AN EMPLOYED PRO SE PRISONER
5  OR THE AD HOC PRISON POLICY LIMITING THE NUMBER
6  OF COPIES A PRISONER CAN OBTAIN (11, 28-12, 1), THE COURT
7  CONTINUES ITS ANALYSIS BY STATING THAT NEITHER
8  CIRCUMSTANCE CONSTITUTES AN EXTRAORDINARY CIRCUM-
9  STANCE BEYOND PETITIONER'S CONTROL THAT MADE IT
10 "IMPOSSIBLE" FOR HIM TO FILE HIS PETITION ON TIME.
11 UNFORTUNATELY, HOWEVER, THE DISTRICT COURT HAS
12 SURROGATED THE APPLICABLE LEGAL STANDARD FOR THE
13 IMPLEMENTATION OF EQUITABLE TOLLING, i.e., "EX
14 TERNAL IMPEDIMENT" WITH THE INAPPLICABLE TERM
15 "IMPOSSIBLE."
16     SECONDLY, THE DISTRICT COURT HAS IGNORED A
17 PLETHORA OF APPELLATE DECISIONS WHEREBY CASES
18 HAVE BEEN REMANDED TO DISTRICT COURTS WITH
19 ACCOMPANYING INSTRUCTIONS TO CONVENE EVIDENTIARY
20 HEARINGS FOR PURPOSES OF CLARIFICATION OF CLAIMS
21 REGARDING EQUITABLE TOLLING.
22 WHALEN-HUNT v EARLY 233 F. 3d 1146 (2000)
23 WILLIAMS v. WOODFORD 384 F. 3d 567 (9TH CIR. 2004)
24 STANKEWITZ v WOODFORD 365 F. 3d 706 (9TH CIR. 2004)
25 INSYXIENGMAY v MORGAN 403 F. 3d 657 (9TH CIR. 2005)
26     ADDITIONALLY, GIVEN THE GRAVITY OF THE
27 CONSTITUTIONAL DEPRIVATIONS AS DESCRIBED WITHIN
28 THE PRESENT PETITION, IN RE ROBBINS 18 CAL 4th 770 (1998)

1  IT IS EXTREMELY DIFFICULT TO COMPREHEND THE RATIONALE

2  FOR THE REFUSAL BY THE COURT TO CONVENE AN EVIDENTIARY

3  HEARING AS MANDATED BY THE PREDOMINANT WEIGHT

4  OF LEGAL AUTHORITY THAT HAS CONSIDERED THIS

5  ISSUE.

6       NEVERTHELESS, PETITIONER CONTENDS THAT HE IS

7  ENTITLED TO AN EVIDENTIARY HEARING REGARDING

8  HIS CLAIM OF EQUITABLE TOLLING AND THEREFORE

9  RESPECTFULLY REQUEST THAT A COA BE ISSUED TO

10 FACILITATE THE PROPER APPELLATE REVIEW OF THE

11 ISSUE.

12

13    PETITIONER WAS DENIED DUE PROCESS OF LAW AND THE

14 FUNDAMENTAL RIGHT TO CONFRONT AND CROSS-EXAMINE

15 WITNESSES INCLUDING, BUT NOT LIMITED TO THE COM-

16 PLAINING WITNESS (U.S. CONSTITUTION 5TH AND 6TH AMEX.)

17

18    ON MULTIPLE OCCASIONS DURING THE "CRITICAL STAGES"

19 OF THE CRIMINAL PROSECUTION OF PETITIONER, COUNTY

20 OF ALAMEDA, SUPERIOR COURT JUDGE, JON TIGELFSON, ISSUED

21 ORDERS THAT FORBADE PETITIONER FROM CONTACTING THE

22 EMPLOYER, (CITIGROUP INC), OF THE COMPLAINING WITNESS.

23 IT MAY BE NOTED THAT ON THE DATES THAT SUCH ORDERS WERE

24 ISSUED, PETITIONER WAS REPRESENTING HIMSELF, (IN PRO PER)

25 HENCE WAS UNCONSTITUTIONALLY PRECLUDED FROM SEEKING

26 MATERIAL EVIDENCE TO IMPEACH THE CREDIBILITY OF THE

27 COMPLAINING WITNESS AS WELL AS OTHER WITNESSES THAT

28 WERE PRESENTED BY THE PROSECUTION, (I.E. CITIBANK EMPLOYEES).

1   IT IS FURTHER NOTED THAT THE AFOREMENTIONED COURT

2   ORDER WAS INCLUSIVE TO THE EXTENT THAT COUNTY OF ALAMEDA

3   CUSTODIAL OFFICIALS WERE ORDERED TO CONFISCATE POSTAGE

4   STAMPS FROM PETITIONER'S PERSONAL PROPERTY AND THE

5   PRECLUSION OF CONTACT WITH EMPLOYEE OF THE COM-

6   PLAINING WITNESS ALSO APPLIED TO THIRD PARTIES

7   ACTING ON BEHALF OF PETITIONER (INCLUDING ATTORNEYS).

8       CLEARLY, THE RIGHT TO PRESENT AN ADEQUATE DEFENSE

9   AGAINST CRIMINAL CHARGES IS A MATTER OF CONSTITUTIONAL

10  SIGNIFICANCE AND WHEN THE RIGHT IS IMPROPERLY RE-

11  STRICTED, THE IMPACT UPON A DEFENDANT'S FUNDAMENTAL

12  RIGHT TO A FAIR TRIAL IS PROFOUND. FURTHERMORE, THE

13  UNITED STATES SUPREME COURT HAS HELD THAT A FUNDA-

14  MENTAL COMPONENT OF THE RIGHT TO DEFEND ONE'S SELF

15  AGAINST CRIMINAL ALLEGATIONS IS THE RIGHT TO CON-

16  FRONT AND CROSS-EXAMINE HIS/HER ACCUSER.

17  GILES V CALIFORNIA (DOCKET NO. 07-6053) U.S. SUPREME COURT

18  CRAWFORD V WASHINGTON 541 U.S. 36 (2004)

19  DAVIS V WASHINGTON 547 U.S. 813 (2006)

20  CHAMBERS V MISSISSIPPI 410 U.S. 284 (1973)

21      AS IT IS INCONCEIVABLE THAT THE ABOVE-MENTIONED

22  CONSTITUTIONAL DEPRIVATIONS CONSTITUTE "HARMLESS ERROR"

23  DELAWARE V VAN ARDSDALL 475 U.S. 673 (1967),

24  ABATTI V SUPERIOR COURT 112 C.A 4 39 (2003), PETITIONER

25  WOULD PROFFER THAT THE GRAVITY OF SUCH, CLEARLY

26  WARRANTS THE EXCUSE OF A "DEBATABLE" TECHNICALITY

27  REGARDING THE TIMELY FILING OF THE PETITION.

28  IN RE. ROBBINS 18 CAL. 4 770, 770 P. 2d 153 (1998).

1. THE PETITIONER WAS DENIED EQUAL PROTECTION OF THE
2. LAW AND AS A RESULT THEREOF HIS RIGHT TO A FAIR
3. TRIAL. (U.S. CONSTITUTION 14TH & 6TH AMDS, RESPECTIVELY)
4.
5. As indicated (supra), THE PETITIONER WAS PRECLUDED
6. FROM SEEKING MATERIAL WITNESSES AND/OR EVIDENCE
7. THRU DIRECT OR INDIRECT MEANS THAT NECESSITATED
8. THE CONTACTING OF THE EMPLOYER OF HIS ACCUSER,
9. (i.e. CITIBANK).
10. ADDITIONALLY, PETITIONER, ALTHOUGH INDIGENT, WAS
11. DENIED THE ALLOCATION OF MONETARY FUNDS THAT WERE
12. ESSENTIAL FOR THE PROCUREMENT OF EXPERT WITNESS
13. SERVICES, (i.e. VOICE ANALYSIS), AND TESTIMONY. IT MAY
14. BE NOTED THAT ALL EVENTS, AS DESCRIBED HEREIN, OCCURRED
15. DURING THE PERIOD OF JANUARY 2003 THRU APRIL 2003
16. AND THE CRIMINAL TRIAL OF DEFENDANT COMMENCED
17. ON OR ABOUT April 10, 2003.
18. PETITIONER WAS THEREFORE UNCONSTITUTIONALLY
19. IMPAIRED IN HIS RIGHT TO PRESENT AN ADEQUATE DE-
20. FENSE TO THE EXTENT THAT HIS CONVICTION MUST BE
21. OVERTURNED. Holmes v Carolina 547 U.S. 319 (2006);
22. Ake v Oklahoma 470 U.S. 68, 105 S.Ct. 1087 (1985).
23.
24. THE REVOCATION OF PETITIONER'S PROBATION
25. VIOLATED HIS FUNDAMENTAL CONSTITUTIONAL
26. RIGHT TO FREE SPEECH.
27.
28. "THE RIGHT TO SPEAK FREELY SHALL NOT BE ABRIDGED"

15

1  AND "EVERY PERSON MAY FREELY SPEAK, WRITE AND PUBLISH

2  HIS OR HER SENTIMENTS ON ALL SUBJECTS, BEING RESPON-

3  SIBLE FOR THE ABUSE OF THIS RIGHT, A LAW MAY NOT

4  RESTRAIN OR ABRIDGE LIBERTY OF SPEECH OR PRESS."

5  (U.S. CONSTITUTION, 1st AMEND. AND CALIFORNIA CON-

6  STITUTION, ART. I § 2(a), RESPECTIVELY).

7    ON MAY 24, 2004, PETITIONER'S PROBATION WAS PERMA-

8  NENTLY REVOKED AND TERMINATED, (CASE NO 144082), BY

9  COUNTY OF ALAMEDA, SUPERIOR COURT JUDGE, KENNETH BURR,

10  AS A CONSEQUENCE OF THE REVOCATION OF HIS PROBATION,

11  PETITIONER WAS SENTENCED TO SERVE A TERM OF

12  32 MONTHS IMPRISONMENT.

13    THE REVOCATION OF PETITIONER'S PROBATION WAS

14  PREDICATED UPON HIS FORWARDING OF LETTERS TO THE

15  EMPLOYER OF THE COMPLAINING WITNESS, (CITIGROUP INC.)

16  WHEREIN HE ADVISED SAID EMPLOYER OF THE CRIMINAL

17  CONDUCT OF THE COMPLAINING WITNESS TO WHICH HE,

18  PETITIONER, WAS A PERCIPIENT WITNESS.

19    IT MUST BE NOTED THAT THE ABOVE REFERENCED LETTERS

20  CONTAINED NO OBSCENE NOR PROFANE LANGUAGE; NO

21  EXPLICIT NOR IMPLICIT THREATS TO INFLICT BODILY

22   HARM TO ANY PERSON(S); NO LANGUAGE LIKELY TO

23  PRODUCE A VIOLENT REACTION; NO MATERIAL THAT COULD

24  POSSIBLY BE CONSTRUED AS PRESENTING A THREAT TO

25  THE NATIONAL SECURITY NOR COMMUNITY AT LARGE.

26  TO THE CONTRARY, ALL LETTERS CONTAINED ADVISE-

27  MENTS THAT WERE OF BENEFIT TO SOCIETY AND

28  INVOLVED MATTERS OF PUBLIC INTEREST.

1  A condition of probation that involves the funda-

2  mental right to free speech, (including the

3  dissemination of written material), "may

4  burden no more than is necessary to serve

5  an important governmental interest."

6  <u>People v Arvanites</u> 17 C 3 1052 (1972);

7  <u>People v Lopez</u> 66 C.A.4 615 (1998).

8  Clearly, the deliberate and intentional con-

9  cealment of criminal activity, even when

10  accomplished through the guise of "preventing

11  Harassment", cannot be construed to serve an

12  important governmental Interest. To the contrary,

13  such restraints upon a fundamental constitutional

14  Guarantee, (i.e. Freedom of speech), may only

15  impose a Detriment to society,

16  <u>Smith v Silvey</u> 149 C.A3 400 (1983).

17

18     <u>The revocation of Petitioner's probation</u>

19     <u>was based upon an unconstitutionally</u>

20     <u>vague and ambiguous term and con-</u>

21     <u>dition of probation.</u>

22

23  A penal statute that fails to define the criminal

24  offense that is its subject matter with sufficient

25  definiteness that ordinary people can under-

26  stand the conduct that is prohibited is void

27  for vagueness, <u>Kolender v Lawson</u> 461 U.S. 352 (1983),

28  <u>Smith v Goguen</u> 415 U.S. 566 (1974), <u>People v Turner</u> 155 C.A4 1432 (2007)

1   Furthermore, a statute, (or term and condition
2   of Probation), that either forbids or compels the
3   doing of an act must not be so vague that men
4   of common intelligence must necessarily guess
5   at its meaning and/or differ as to its appli-
6   cation. In the present petition, petitioner is
7   challenging the constitutional validity of the
8   term and condition of his probation, i.e., "No
9   Letters to Victim's Employment."
10      As the ambiguity of the condition is apparent
11   on its "Face", it is clear that the revocation of
12   the probationary status of petitioner was un-
13   constitutional and, therefore, an arbitrary,
14   discriminatory misuse of Judicial authority.
15
16      The Revocation of Petitioner's Probation
17      was Based upon an Unconstitutionally
18      Overly Broad Term and Condition of
19      Probation
20
21   Where a condition of Probation requires a waiver
22   of precious constitutional rights, the condition
23   must be Narrowly Drawn. To the extent it is
24   overbroad it is not reasonably related to the
25   compelling state interest in reformation and
26   and rehabilitation and is an unconstitutional
27   Restriction on the exercise of Fundamental
28   Rights, People v Keller 76 C.A.3 827 (1978).

18

1  People v. Borden 205 C.A.3 1277 (1988)

2  People v. Kiddoo 225 C.A. 922 (1990)

3  People v. Garcia 19 C.A.4 1049 (1993)

4  People v. Acuna 14 Cal.4 1090 (1997)

5  Kolendar v. Lawson 461 U.S. 352 (1983)

6

7    The revocation of Petitioner's probation was

8  predicated upon the term and condition (i.e. "No

9  Letters to Victim's Employment"). Additionally, it

10  must be noted that said term and condition was

11  interpreted and enforced by the Superior Court

12  in such a manner so as to include all Civigroup

13  Business Sites throughout the entire world.

14  Clearly, such widespread enforcement would

15  represent an abuse of Judicial Discretion and

16  Authority that exceeds all acceptable Legal

17  standards. In Re. Sheena K 40 Cal.4 875 (2007),

18  People v. Turner 155 A.A.4 1432 (2007)

19

20      The Revocation of Petitioner's probation

21      was a Violation of the Doctrine of

22      Separation of Powers

23

24  "The powers of State Government are Legislative,

25  Executive and Judicial. Persons charged with the exercise

26  of one power may not exercise either of the others

27  except as permitted by this Constitution."

28  California Constitution, Article III, Section 3.

1  O'DONOGHUE v UNITED STATES 289 U.S. 516 (1933)

2  MARBURY v MADISON 1 CRANCH 137, 2 L Ed. 60 (1803)

3

4    THE PROBATIONARY STATUS OF THE PETITIONER WAS

5  REVOKED AND PERMANENTLY TERMINATED DUE TO

6  HIS EXPOSURE OF THE CRIMINAL ACTIVITY WITHIN

7  WHICH THE COMPLAINING WITNESS HAD ENGAGED.

8    IT MUST ALSO BE NOTED THAT AT THE DATE AND

9  TIME OF THE REVOCATION OF PETITIONER'S PRO-

10 BATION, THE COURT, AS WELL AS THE OFFICE OF THE

11 DISTRICT ATTORNEY, (COUNTY OF ALAMEDA), WERE

12 IN POSSESSION OF "REAL", (i.e. PHOTOGRAPHIC),

13 EVIDENCE THAT SUBSTANTIATED PETITIONER'S

14 ALLEGATIONS REGARDING SUCH CRIMINAL ACTIVITY.

15   THE COURT, THEREFORE, EXCEEDED ITS VESTED AUTHORITY

16 TO INTERPRET THE CRIMINAL STATUTES AND AS A

17 RESULT THEREOF, ASSUMED AND EXERCISED THE POWERS

18 OF THE LEGISLATIVE AND EXECUTIVE BRANCHES OF

19 THE GOVERNMENT BY IMPLICITLY DECREEING THAT

20 SELECTIVE LEGISLATIVE ENACTMENTS DID NOT APPLY

21 TO THE COMPLAINING WITNESS.

22

23     THE REVOCATION OF PETITIONER'S PROBATION

24     EXCEEDED THE JURISDICTIONAL AUTHORITY

25     OF THE COURT.

26

27   AN ACT IN EXCESS OF THE JURISDICTION OF THE ACTING

28 COURT IS VOID AND CANNOT BE RATIFIED BY WAIVER,

1  CONSENT OR ESTOPPEL. IN REBERRY 68 C2 137 (1968),

2  FORTENBURY v SUPERIOR COURT 16 C2 405 (1940)

3

4     ON JANUARY 13, 2004, COUNTY OF ALAMEDA, SUPERIOR

5  COURT JUDGE, THE HONORABLE KENNETH MARK BURR,

6  ISSUED A "MODIFIED" PROTECTIVE ORDER IN CASE No.

7  144089, WHEREIN THE FOLLOWING NOTATION WAS

8  INCLUDED:

9

10  "THIS ORDER TAKES PRECEDENT OVER ANY CONFLICTING

11  COURT ORDER."

12

13     FURTHERMORE, IT MUST BE NOTED THAT THE ABOVE

14  REFERENCED PROTECTIVE ORDER CONTAINED NO

15  PROVISIONS THAT PROHIBITED PETITIONER FROM

16  CONTACTING, (EITHER VERBALLY OR IN WRITING),

17  THE EMPLOYER OF THE COMPLAINING WITNESS.

18  THEREFORE, WHEN THE PROBATIONARY STATUS OF

19  PETITIONER WAS REVOKED AND PERMANENTLY

20  TERMINATED ON THE BASIS OF HIS HAVING FOR-

21  WARDED WRITTEN CORRESPONDENCES TO THE EM-

22  PLOYER OF THE COMPLAINING WITNESS, THE COURT,

23  IN FACT, ACTED IN EXCESS OF THE JURISDICTIONAL

24  PERIMETERS THAT IT HAD SET FORTH WITHIN THE

25  JANUARY 13, 2004 PROTECTIVE ORDER THAT IT,

26  (THE ISSUING AUTHORITY)), HAD MANDATED THEREIN.

27

28

1    PETITIONER WAS DENIED DUE PROCESS AND EQUAL

2    PROTECTION OF THE LAW DUE TO THE INEFFECTIVE

3    ASSISTANCE OF APPELLATE COUNSEL

4

5    DUE PROCESS REQUIRES STATES ... TO OFFER EACH

6 APPELLANT A FAIR OPPORTUNITY TO OBTAIN AN ADJUDI-

7 CATION ON THE MERITS OF ITS APPEAL.

8 SMITH v ROBBINS 528 U.S. 259, 120 S. CT. 746 (2000)

9 STRICKLAND v WASHINGTON 466 U.S. 668 (1984)

10 JONES v. BARNES 463 U.S. 745, 103 S.CT. 3308 (1983)

11 GRAY v GREER 800 F. 2d 644 (1986)

12

13    ON MULTIPLE OCCASIONS, PETITIONER FORWARDED

14 LETTERS TO HIS APPELLATE COUNSEL, ROSE THOMAS, ESQ.,

15 WHEREIN HE, (PETITIONER), EXPLICITLY LISTED THE

16 MULTIPLE CONSTITUTIONAL DEPRIVATIONS THAT HE HAD

17 SUFFERED DURING THE COURSE OF ITS TRIAL AND SUBSE-

18 QUENT REVOCATION HEARING, (E.G. DUE PROCESS, EQUAL

19 PROTECTION, RIGHT OF CONFRONTATION, RIGHT OF FREEDOM

20 OF SPEECH, ETC.). NEVERTHELESS, APPELLATE COUNSEL

21 FAILED TO INCLUDE SUCH ISSUES WITHIN PETITIONER'S

22 APPELLATE BRIEF(S).

23    AS A RESULT OF THE FAILURE BY APPELLATE COUNSEL

24 TO ADHERE TO REASONABLE STANDARDS OF OBJECTIVITY

25 IN THE PROPER INCLUSION OF VIABLE ISSUES WITHIN

26 PETITIONER'S MERIT BRIEF, PETITIONER HAS NO RE-

27 COURSE OTHER THAN TO SEEK THE ADJUDICATION OF SUCH

28 ISSUES THROUGH HABEAS REVIEW.

*CONCLUSION*

THE ISSUES DISCUSSED ABOVE ARE, AT THE VERY LEAST,

DEBATABLE AMONG JURISTS OF REASON. THEREFORE, IT IS

RESPECTFULLY REQUESTED THAT THIS COURT GRANT A COA

ON THE ISSUES IDENTIFIED AT THE OUTSET OF THIS

APPLICATION.

DATED: AUGUST 20, 2008

                              RESPECTFULLY SUBMITTED,


                              Malik Ali Muhammad
                              PETITIONER IN PRO SE